[No. 2,405.]

## THE SAN FRANCISCO AND OAKLAND RAIL-ROAD COMPANY *v.* THE CITY OF OAKLAND, SAMUEL MERRITT, AND WILLIAM H. MARTIN.

Estate Conveyed by Grant.—The word *grant* is effectual to convey an estate in a corporeal hereditament. It has become a generic term, applicable to the transfer of all classes of real property.

Void Ordinance.—If the charter of a city requires any sale or lease of the real estate of such city to be made at public auction to the highest bidder, an ordinance of the Council of the city making a lease of any portion of its realty to a corporation, upon the payment of a rent reserved, is void, and passes no title to the corporation.

Appeal from the District Court of the Third Judicial District, Alameda County.

The facts are stated in the opinion.

*Wilson & Crittenden,* for Appellant.

*Williams & Thornton, H. H. Havens & J. F. Havens,* for Respondents.

By the Court, WALLACE, C. J.:

The plaintiff, a corporation organized under the laws of this State, brought this action against the City of Oakland, alleging in its complaint that on the 26th day of October, 1867, the Council of the city passed, and on the first day of November following the Mayor approved, an ordinance, as follows:

" SECTION 1. That portion of the water front lying below high-water mark, between the easterly line of Franklin street and the westerly line of Webster street, extended, being three hundred feet in width, and running into the San Antonio Creek for a distance of three hundred and fifty feet, is hereby granted to the San Francisco and Oakland Railroad Company, during the corporate existence of said company, for the purpose of erecting and maintaining a marine railway and wharf, at the annual rent of one hundred dollars, in gold coin, for the first five years, and at the expiration thereof, and every ten years thereafter, the rent shall be fixed by three Commissioners, one to be chosen by the Council, one by said company, and the third shall be appointed by the County Judge of Alameda County; provided that the said company shall not collect tolls, or wharfage, or dockage, for the use of said wharf, without the consent of the Council of the City of Oakland; and provided further, that said marine railway and wharf shall be so constructed as not to interfere with the free navigation, nor to obstruct the channel of said creek.

" SEC. 2. Said company shall commence the construction of said improvements within three months from the date of

the passage of this ordinance, and complete the same within six months thereafter; and it is made a condition of this grant that said company shall, in good faith, contest any claim made to said premises by any person under the pretended grant of the water front, made by the Board of Trustees of the late Town of Oakland to Horace W. Carpentier, and shall not, upon any terms, compromise such claim; provided, that the time herein provided for commencing and completing said improvements shall be extended for a period equal to the time said work shall be delayed by legal proceedings; and provided further, that said improvements shall be subject to the payment of city taxes as personal property of said company."

The plaintiff alleges that within three months after the passage of the ordinance it entered upon the premises therein named, and commenced the construction of the marine railway and wharf in the ordinance mentioned, and has in all respects complied with the terms and conditions of the ordinance; but that the municipal authorities of the city have employed persons to enter, and are about to enter, upon the premises, and to place structures and drive piles thereon, of such a character and in such a manner as to render the premises totally unfit for the uses of the plaintiff, secured to it under the provisions of the ordinance, etc., and prays for an injunction, etc., against the threatened acts of the city authorities. The city appeared and filed an answer, in which it, among other matters pleaded, denied the existence and validity of the ordinance set forth in the complaint. A trial being had, judgment for the defendant was rendered, from which judgment and an order denying the plaintiff a new trial this appeal is brought, and the principal question presented for determination is the validity of the ordinance relied upon by the plaintiff.

It is clear that the purport of the ordinance was to vest

an estate in the lands mentioned in the railroad company. "That portion of the water front, etc., is hereby *granted* to the San Francisco and Oakland Railroad Company," etc. That at the present day the word *grant* is effectual to convey an estate in a corporeal hereditament is clear, and had become so in practice long before 1845, when the statute of Victoria provided that corporeal tenements and hereditaments should be deemed to lie in grant as well as in livery. In fact, the distinction of the ancient common law in this respect had probably never obtained in this country. At all events, the word " grant has now become a generic term, applicable to the transfer of all classes of real property." (3 Washb. on Real Property, 163.) The grant here was made to the railroad company, and the estate granted was to continue " during the corporate existence of said company." The duration of the estate thus granted is not material to consider. The capacity of the corporation to take is not doubted, and whether the words used in the ordinance amount to a lease or import an estate in fee simple, or a chattel interest merely, is immaterial, for in any view the transaction would amount to a sale or lease by the Council of property belonging to the city, and would fall within the virtual prohibition contained in the fifty-first section of the Act of 1862 (p. 353), requiring any such sale or lease to be made, if at all, by public auction, and to the highest bidder.

Judgment and order affirmed.

Mr. Justice CROCKETT did not participate in this case.