T. FRANKLIN THORNTON AND WILLIAM H. MATTINGLY v. VILLAGE OF STURGIS.

*Municipal corporations—Printing village ordinances—Legal folio.*

Contracts cannot arise from the action of one party alone where the other has no power to prevent his action.

A village newspaper cannot recover for printing the local ordinances unless the printing was ordered by the legislative body of the village.

The time during which a publication of village ordinances must be continued cannot be fixed by any mere ministerial officer, without express authority, but must be fixed by the legislative body of the village, which would also have authority to designate the paper in which the publication must be made.

A legal folio is one hundred words. Comp. L., § 7459.

Case made from St. Joseph. Submitted April 9. Decided April 16.

Assumpsit. Plaintiffs had judgment below.

*J. W. Flanders* and *Charles Upson* for plaintiffs.

*Daniel E. Thomas* for defendant.

Cooley, J. The plaintiffs are publishers of a newspaper in the village of Sturgis, and they bring suit against the village for the amount of a printing bill. The bill was for publishing marshal's notices to taxpayers, village ordinances and sidewalk notices, and amounted to $215.25. The amount was made up by charging seventy cents per folio for the first insertion, and thirty-five cents per folio for each subsequent insertion. The folios were not counted, but were estimated, according to the testimony of one of the plaintiffs, as follows: "In making my estimate of the space occupied by a folio, I took a hundred words out of a solid place, and then measured the whole space without allowing for blank spaces: I counted every inch one hundred words, whether it had one hundred words in it or not." The village board allowed the bill at $105.25, which the plaintiffs seem to have declined to accept. The evidence showed that there never was any order of the village board directing the publication to be made, but it was shown that some of the city officers took notices to the plaintiffs for publication. How the time of publication was fixed, or by whom directed, did not appear on the trial.

The circuit judge charged the jury; in substance, that if the plaintiffs performed services for the defendant, from which a benefit had been received, a promise to pay therefor may be implied. Also that if they rendered services for the legitimate purposes of the village, and which had been accepted and appropriated by the village, they have a lawful claim against the village for compensation. Under this charge the plaintiffs had a verdict for $209.65.

These instructions were misleading. Under them the jury might have returned the verdict they did even though they had been convinced that the publication was without any warrant of law. Suppose a village newspaper to perform for the village the service of publishing the proceedings of the village board without request from any source, and suppose a jury to be satisfied that the village was benefited thereby; will it be said that the village may be compelled by law to pay full legal rates for such publication? And if there is benefit in such publication, how can the village avoid accepting and appropriating it? The law gives to the village authorities no power to interfere with the management of the paper, and the publishers will publish what they please. But contracts, express or implied, are not to be made by action of one party alone, where the other party has no control, and no authority to interfere.

And we are of opinion that this case stands as it would had the action of the plaintiffs been purely voluntary. There was no authority for charging the village for such publication unless it emanated from the village board, and it does not appear that any village officer had been empowered to give directions for the purpose. The authority certainly did not pertain to any particular village officer; and the village attorney, clerk and marshal, if either had claimed it, might have had his right disputed by the other. If there are any exceptions to this statement, they must relate to the marshal's notices

and the sidewalk notices; but the charges for these only aggregated $5.25; the remainder of the bill was for publishing the ordinances; and there can be no doubt that the publication of these must be ordered by the village legislative body, which would have authority not only to select the paper in which the publication should be made, but also to fix the time that the publication should continue.    In respect to time, there was room for the exercise of a large discretion; and no mere ministerial officer could exercise this, at least without express authority.

We are of opinion, therefore, that the court erred in giving the instructions. The village might perhaps have paid the bill or compromised it; but no question arises here upon the offer which was made. The judge correctly instructed the jury that a legal folio was one hundred words. Comp. L., § 7459. Some further questions of interest are made by the record, but we prefer to leave them until a decision becomes important.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.