GEORGE Z. WORK

*v.*

ROBERT K. WELSH.

*Filed at Ottawa March 28, 1896.*

1. CONTRACTS—*to donate land—when not void for uncertainty.* A proposition by the owner of a tract of land to donate to a corporation to be organized, four acres of land, is not void for uncertainty where such owner subsequently locates the particular ground and acquiesces in the erection of valuable improvements thereon.

2. SAME—*lack of mutuality cured by subsequent transactions.* An offer to donate land to a corporation to be organized, though lacking mutuality and subject to revocation at any time before acceptance, becomes a valid contract when accepted by the corporation after its organization is completed, at a meeting in which the donor participates as a stockholder.

3. SAME—*effect of conduct of parties upon construction.* A reasonable construction placed upon an indefinite or uncertain contract by the conduct of the parties will be adopted by the courts.

4. SAME—*what will waive conditions of offer to donate land.* A condition of an offer to donate land to a corporation to be organized, that its capital stock shall be subscribed by *bona fide* and responsible parties, is waived by the donor if he fails to pay his own subscription for stock, and assists in the expenditure of a large amount of money in improving the property after the organization, with presumptive knowledge of the responsibility of stockholders.

5. SPECIFIC PERFORMANCE—*may be had as to part, only, of land agreed to be conveyed.* A court of equity will not deny all relief, under a bill for specific performance, because a part, only, of the land agreed to be conveyed can be located and identified by proper description.

6. SAME—*separate agreements to donate land are separately enforcible.* Specific performance of an agreement to donate land to a corporation upon condition that a like proposition to donate be made by adjoining owners, will not be refused on the ground that both propositions must be enforced together, as the remedy is by a separate action against such other adjoining owners.

APPEAL from the Circuit Court of Winnebago county; the Hon. J. D. CRABTREE, Judge, presiding.

The matters in controversy arose on cross-bill filed by appellee, Welsh, in an original proceeding begun by one

H. W. Carpenter, in the circuit court of Winnebago county, to foreclose a real estate mortgage on certain property adjoining the city of Rockford, including block 14 of the subdivision of part of the south-west quarter of section 35, township 44, north, range 1, east of the third principal meridian, called "River Park." and filed of record in book 7 of plats, at page 18, in th    order's office of Winnebago county, Illinois. Appellant and appellee were both defendants to the original bill for foreclosure.

Appellee, in his answer and cross-bill, sets up that about April 18, 1892, August Haegg and Otto W. Haegg, being then the owners of the land described in the mortgage, made the following proposition to the People's Mantel and Furniture Company, which corporation was then under process of organization:

"ROCKFORD, ILL., *April 18, 1892.*
"*To the Incorporators of the People's Mantel and Fur. Co.:*

"GENTLEMEN—In consideration of the proposed corporation with $100,000 capital for the erection of a furniture factory on the west side of the railroad, on the south side of our land or the adjoining land south, we will give four acres of land, to be deeded when the factory building is up, machinery in factory placed and manufacturing commenced. This proposition is given on condition that an equal proposition shall be given by owners of adjoining land of not less than four acres to said corporation, and that the capital stock of $100,000 shall be subscribed by *bona fide* and responsible parties. Work to commence within ninety days.        OTTO W. HAEGG,
                                        AUG. HAEGG."

The cross-bill alleges that later Otto W. Haegg became the owner of said premises; that on May 16, 1892, the People's Mantel and Furniture Company was organized with a capital stock of $100,000, fully subscribed, and the company at once proceeded to erect a manufacturing plant upon said property, and continued for some

time to manufacture furniture; that a like proposition
was given by the owners of adjoining lands for the con-
veyance of the additional four-acre tract to said corpora-
tion; that work was commenced by said company within
ninety days, and that each and all of the particulars of
said agreement were complied with substantially by the
incorporators of the People's Mantel and Furniture Com-
pany. The cross-bill further alleges that Otto W. Haegg,
representing himself and August Haegg, acknowledged
the substantial compliance on the part of this corpora-
tion with the terms and conditions of said agreement,
and at different times after such compliance he promised
to give said company a deed to the premises described
in said agreement; that after the giving of said agree-
ment Haegg and Carpenter, the complainant in the origi-
nal bill, caused the lands of which said four-acre tract
was a part, to be platted and subdivided, thus locating
block 14, above mentioned, as a part of said four-acre
tract; that on September 2, 1893, after having been en-
gaged in the manufacture of furniture for some nine or
ten months, the People's Mantel and Furniture Company
made an assignment to one Henry N. Starr, conveying to
him, as assignee, all its property for the benefit of its
creditors, and on April 26, 1894, Starr, as such assignee,
sold and transferred to appellee all interest of the Peo-
ple's Mantel and Furniture Company in and to the above
described premises, and executed a deed therefor to him;
that the deed did not include all of the four-acre tract
mentioned in the agreement, but did include all that por-
tion upon which the factory building and equipments
were located, described as block 14. Appellee at that
time took possession, and it is not disputed that what-
ever rights the People's Mantel and Furniture Company
held in said property were transferred to him by virtue
of the assignee's deed. On October 17, 1894, Otto W.
Haegg transferred block 14, on which the furniture fac-
tory was located, to one Larson, who afterwards con-

veyed the same to appellant, Work. The answer of appellant to this cross-bill denied all its material allegations, and that appellee acquired any right, title or interest in or to said property by virtue of said deed from Starr.

The circuit court, upon hearing of the issues, found the equity with the complainant in the cross-bill, (appellee here,) and that all the material allegations in said cross-bill as to the compliance by the People's Mantel and Furniture Company with the terms and conditions of said agreement had been proved, and that appellee was entitled to a conveyance from appellant of said block 14, and that in default of said conveyance within the time specified, the master in chancery execute a deed conveying all the interest of Welsh in and to said premises. To reverse this decree this appeal is prosecuted to this court.

D. M. KIRTON, and B. A. KNIGHT, for appellant:

The proposition of the Haeggs is void for uncertainty, because it does not specify or designate what four acres of land are to be conveyed. *Wallenbeck* v. *Briggs*, 20 Ill. App. 58; Fry on Specific Per. sec. 335, and chap. 4.

There can be no contract without the same creating a mutual obligation. Fry on Specific Per. sec. 440; Bishop on Contracts, 78; 5 Wait's Actions and Defenses, 787, and cases cited.

Both parties must be bound, otherwise there can be no valid agreement. *Ghent* v. *Insurance Co.* 70 Ill. 652.

A contract must be specifically enforced *in toto*, or not at all. Fry on Specific Per. secs. 802, 806, 811, 847.

Certain conditions precedent have not been performed. Fry on Specific Per. secs. 351, 352, 962. *Bostwick* v. *Hess*, 80 Ill. 138; 5 Wait's Actions and Defenses, 802.

If the conditions contained in said offer were not fulfilled, then the decree in this case should be reversed, for equity cannot relieve from the consequence of conditions

precedent unperformed.    *Wells* v. *Smith*, 2 Edw. Ch. 78;
Barbour & Harr. Dig. 304; 2 Story's Eq. Jur. sec. 1324.

J. C. GARVER, and R. K. WELSH, for appellee:

Parties are held to be estopped after valuable im-
provements are made.    *Borders* v. *Murphy*, 78 Ill. 87.

The corporation, when organized, ratified and adopted
the act of the promoters, and it was within the power of
the company to ratify or adopt what was done by the
incorporators.    *Whitney* v. *Wyman*, 101 U. S. 392.

In an uncertain agreement, where the parties have, by
their own conduct, placed a construction upon it which
is reasonable, such construction will be adopted by the
courts.    *People ex rel.* v. *Murphy*, 119 Ill. 159.

A contract to convey land, in which the description of
the land is ambiguous, indefinite or uncertain, may be
rendered certain by after-actions of the parties, so as to
authorize enforcement of specific performance of the con-
tract, or it may be so far executed by taking possession
of and improving the property as to remove the uncer-
tainty, so that a court of equity would compel the execu-
tion of a deed.    *Shirley* v. *Spencer*, 4 Gilm. 583; *Purinton* v.
*Railroad Co.* 46 Ill. 297; *Perkins* v. *Hadsell*, 50 id. 216.

Mr. JUSTICE PHILLIPS delivered the opinion of the
court:

The important question arising and to be determined
on this record is, whether there was a compliance by the
People's Mantel and Furniture Company with the condi-
tions of the Haegg proposition, or if not a full compli-
ance, whether the conditions not conformed to were
waived by Haegg.    There can be no contention that
Welsh acquired any greater rights to title or possession
under the assignee's deed than were possessed by the
corporation, nor can it be said that appellant, taking the
title by *mesne* conveyance from Haegg, with this corpo-
ration in open and notorious possession, stands on any

different ground to contest the rights of appellee, if any exist, than would Haegg, who made the proposition.

Various objections are urged and argued as reasons why the decree of the circuit court should be reversed, none of which appear to us, however, after careful examination, to be tenable.  It is first said, the proposition of the Haeggs is void for uncertainty, in that it runs to the incorporators of a company not then organized, that it does not designate any particular four acres to be conveyed, and that it is wanting in mutuality.  It is only necessary that the terms of a contract "be expressed with reasonable certainty, and what is reasonable in any case must depend upon the subject matter of the contract, the purpose for which it was entered into, the situation and relations of the parties, and the circumstances under which it was made." (Pomeroy on Contracts, sec. 159.)  Equity will only require a reasonable certainty in a contract sought to be enforced, and if the meaning, taken as a whole, is intelligible to the court, specific performance will be decreed.  (*Bull* v. *Bull*, 4 Wis. 54; Waterman on Specific Per. of Contracts, par. 152.) It is apparent, with reasonable certainty, from the written proposition in the case, what conditions were to be performed on the one part, after which the Haeggs agreed to deed four acres of land.  This proposition, at the time of its execution, was merely an option directed to the incorporators of the proposed company, and intended to be acted on for acceptance by the corporation after its organization. It lacked mutuality, and might have been revoked by those making it at any time before acceptance. It appears, however, it was presented to the corporation and accepted by it at the first meeting after the completion of the organization, at which meeting Otto Haegg was present and participated, being himself a stockholder. Subsequently he took an active part in surveying and locating the particular ground for the building of this factory, being part of this four-acre tract, and afterwards

saw those valuable improvements erected. While it is true that one entering into a contract to convey lands, where no mutuality exists, will not be compelled to execute a conveyance, yet where he permits valuable improvements to be made on the lands a consideration then passes, and at once mutuality does exist. A court of equity, under such circumstances, will not permit a party to interpose such a defense, but, if other conditions are complied with, will decree specific performance. (*Perkins* v. *Hadsell*, 50 Ill. 216; *Borders* v. *Murphy*, 78 id. 81.) As heretofore said, Otto Haegg assisted in locating the particular site of this factory on a part of the four acres, and by his own act made certain and definite that part of the contract. Where a contract or agreement is in any manner indefinite or uncertain, and the parties have, by their own conduct, placed a construction upon it which is reasonable, courts will adopt such construction. *People ex rel.* v. *Murphy*, 119 Ill. 159.

Objection is also made to the decree of the circuit court for the reason that if the proposition made by the Haeggs was a contract it must be enforced as made, and the decree should have ordered a conveyance of four acres of land, and not a part thereof, and for the further reason that, in view of the proposition calling for an additional donation of four acres from adjoining land owners, a specific performance as against appellant should not have been decreed unless a like specific performance was also decreed against the owners of such adjoining land, in the same decree.

As to the first objection, it may be admitted that the proposition as delivered, and afterwards accepted by the corporation at its organization meeting, is indefinite, in not describing a particular four acres of land. The acts of both Haegg and the corporation in laying out and surveying block 14 as part of this tract and in erecting improvements thereon have designated and made certain a part of the land mentioned in the proposition. Where,

in a bill for specific performance, a court of equity can, from the evidence, locate or identify, by proper description, a part, only, of the premises against which relief is sought, it will not, on that account, deny its aid, but will grant relief to the extent it can, even though to decree a conveyance of a part, only, of the premises identified. In *Shirley* v. *Spencer*, 4 Gilm. 583, this court said (p. 601): "It is insisted that, inasmuch as this is an entire contract, and that because a part of it is so uncertain that it can not be enforced, therefore the court will enforce no part of it, but will leave the party to his remedy at law. But this, we think, is carrying the doctrine too far. When a man has bargained and paid for eighty acres of land and we can only locate sixty-three of it, to say that because we cannot give him all which he contracted for we will therefore turn him out of court with none, would seem to wear the appearance of a hardship. If he choose to take what he can locate and make certain, we think he may do so without violating any principle and without giving the defendant below any just cause to complain."

As to the contention of counsel for appellant that no decree should have been granted for relief in this case unless it should also run against the parties owning adjoining lands, we do not agree. The conditions of the Haegg proposition were fulfilled when the capital stock was fully subscribed by responsible parties and work begun on the factory within the time specified. The corporation was then entitled to a deed of conveyance. It is true the proposition provides that "an equal proportion shall be given by owners of adjoining land, of not less than four acres." Such donation, it appears, was made, but the effect was to create a separate contract between the corporation and such adjoining land owners. These additional land owners were not parties to this proceeding, nor was it necessary they should be. An action for specific performance against them might, in many instances, involve entirely different questions and

necessitate a decree different in form, and which, in some cases, were they made parties, would be multifarious. At least it was not a necessity that the adjoining land owners should have deeded in order to authorize this decree. The right of action against them, if any existed, must be by separate bill for specific performance on their own propositions.

It is also insisted that the capital stock of the People's Mantel and Furniture Company was not subscribed by *bona fide* and responsible parties. We conclude from the evidence in the record that this is true, and that a considerable amount of the stock was subscribed by parties not responsible. This is one of the conditions of the proposition mentioned, and if not complied with or waived would defeat the cross-bill asking specific performance. Otto Haegg was himself a stockholder and was present at the organization of this corporation. He knew who were the subscribers of this stock, and, presumably, their financial responsibility. After the stock was subscribed he encouraged the further completion of this plant by assisting in the location of expensive buildings and putting in machinery, and saw all this money expended in these improvements on this property. There is evidence, corroborated to some extent but not admitted by Haegg, that after the failure of this corporation he agreed to procure a release of this block 14 from the Carpenter mortgage and make a quit-claim deed to the corporation. It is perhaps true, as suggested, that had all the subscriptions to the capital stock of this company been fully paid, it would not have been overcome by financial reverses. Haegg was himself a subscriber to the amount of $500 and paid no part thereof. Appellant standing in his position, and with no greater equitable or legal rights, cannot with good grace ask this court to work a forfeiture of all this property and give him the benefit thereof, for the failure to fulfill a condition which appellant's grantee had himself broken. The circuit

court, on a hearing, on testimony partly oral, found that there had been a substantial compliance on the part of the People's Mantel and Furniture Company of the conditions of this proposition,—such a compliance as was satisfactory to the Haeggs,—and to such an extent that neither they nor their successors or assigns have any right, in equity, to deny such fulfillment or compliance.

We hold that there was no error in the rendition of this decree. From our view of the case no other decree would have been in accord with equity and good conscience. The decree of the circuit court is affirmed.

*Decree affirmed.*