# WHIPPLE *v.* GEDDIS.

APPEAL AND ERROR; DEBTS; LATENT AND PATENT AMBIGUITIES.

1. There is a fatal variance when an assignment of errors is that the trial court erred in refusing to permit a witness to explain the expression "certain existing encumbrances" in a deed made by him and which had been admitted in evidence, and the ruling as shown by the record is a re-

fusal by the trial court to permit the witness to answer a question asking him to explain in what sense the words "existing encumbrances" in a deed were used by the parties to it.

2. There is no ambiguity, patent or latent, in the expression "certain existing encumbrances" in a deed, and it is not error for the trial court to refuse to allow a witness, a party to the deed, to explain the meaning of that expression in the deed,—especially where the attention of the trial court is not shown to have been called to the word "certain" in the deed; and it cannot properly be contended in this court that the effect of the ruling was that the appellant was bound to assume the payment of taxes and encumbrances, when that question was not suggested to the court below.

3. An assignment of error not based upon anything appearing in the record will not be considered.

4. Where by a deed the grantee assumes the payment of "existing encumbrances," they will be held to cover taxes and assessments.

No. 1502.　Submitted March 21, 1905.　Decided April 4, 1905.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia upon a verdict directed by the Court in an action of debt originally brought before a justice of the peace.　　　　　　　　*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. C. A. Brandenburg, Mr. E. C. Brandenburg,* and *Mr. F. W. Brandenburg* for the appellant.

There was no appearance for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

This is an appeal taken from a judgment, in favor of the plaintiff-appellee, Madison Whipple, entered upon a verdict found by a jury upon the direction of the court.

The record is somewhat meager, and, as there were no writ-

ten pleadings, we are somewhat in the dark as to some of the events that may have been developed in the presentation of the case in the trial court.

It appears that the plaintiff originally brought suit in one of the justice courts of the District to recover the sum of $150, a balance alleged to be due him upon the sale and purchase of certain real estate. A judgment for the full amount, with interest and costs, was rendered in favor of the plaintiff, which was thereafter assigned to Campbell. Thereafter a second trial was had in the supreme court of the District, and, under the instructions of the court, the jury found a verdict for the plaintiff-appellee for the full amount claimed, with interest and costs. A motion for a new trial was made, denied, and judgment upon the verdict ordered.

The assignment of errors other than the general one that the court erred in directing the jury to return a verdict for the plaintiff, are these: First. In refusing to permit the appellant to explain to what encumbrances the expression "certain existing encumbrances" mentioned in the deed, referred; second, in holding, as a matter of law, that the appellant was bound by the terms of the deed to assume the encumbrances including taxes and assessments.

In order to decide whether these assignments of error are well founded, or even warranted, we must turn to the record to learn what transpired at the trial. The plaintiff was the only witness called in his own behalf, and he testified that he sold the defendant certain houses for 300; that the defendant paid one-half of this amount and refused to pay the balance; that there were two trusts upon each house. Upon cross-examination he was shown the deed which showed that he had made certain incorrect statements which, however, have no special bearing on the point in controversy. The deed was delivered at or prior to the time of the payment of the $150, but the examination of the title had not then been completed by the Columbia Title Company. The defendant, the only witness called in his behalf, gave his version of the transaction and testified, without objection, that the plaintiff assured him that the taxes were paid,

but if anything was due he would pay. This, upon being re-
called, and without objection, the plaintiff denied. The deed
which was received by defendant, and by him promptly re-
corded, discloses that the property was sold subject to "certain
existing encumbrances." The defendant was asked upon his
direct examination "in what sense the words 'existing encum-
brances' was used by them [the parties] in the deed for the
houses." The court, of its own motion, refused to permit the
witness to answer the question, on the ground that the under-
standing of the witness was incompetent, as the writing spoke
for itself. The first assigned error purports to be based upon
this ruling, but upon comparing it with the record it will be seen
that there is a fatal variance between them. The appellant was
asked to explain the sense in which the words "existing encum-
brances" were used, while the error is predicated upon the
court's refusal to permit the witness to explain the expression
"certain existing encumbrances," quite a different expression, as
admitted by appellant's counsel. He says: "It is undoubtedly
the law that a covenant against encumbrances generally, or
against 'any' or against 'all' encumbrances, covers taxes, general
and special, assessed against the property at the time
of conveyance." In the case at bar it appeared, after the deed
was delivered, that there were taxes and assessments unpaid and
outstanding against the property, and the appellant based his
refusal to pay the balance of the purchase price upon this fact.
There is no ambiguity, patent or latent, in the expression "ex-
isting encumbrances," and the court was clearly right in refus-
ing to permit the witness to explain the meaning of that term in
the deed.

The record fails to disclose that the attention of the court
was called to what is contended to be a qualifying word, *i. e.,*
"certain," and we have no right to assume anything which does
not appear in the record. We must take it as presented, and
decline to pass upon a question not raised below. The first as-
signment of error is not based upon anything appearing in the
record, and is therefore found not to be well taken.

As to the second alleged error which is claimed to follow from

the ruling of the court that the appellant was bound by the terms of the deed to assume the encumbrances, including taxes and assessments, we can only say that, as the objection to this ruling was a general one, and not specific, we must find that it was based upon the ground that "existing encumbrances" did not cover taxes and assessments. Such a contention is not well founded. Taxes and assessments are encumbrances. There is nothing in the record to warrant a conclusion on our part, that, conceding for the sake of argument that the word "certain," as used in the deed, is ambiguous and open to oral explanation, the attention of the trial court was called to that word. The objection as made was general, and did not point out the present contention of appellant. We do not feel required to, nor justified in trying to, find some ground for disturbing the ruling of the court below. There have been two trials, and two verdicts for the appellee, and in our opinion the judgment should stand. Appellant's ably considered brief deals with questions which are not presented by the record, and which therefore are in a certain sense moot.

We find no ground for reversing the judgment of the court below, and it is therefore affirmed, with costs.     *Affirmed.*