## William H. Swanson, Defendant in Error, v. James L. Lederer and George B. Levee Amusement Com= pany, Plaintiff in Error.

## Gen. No. 15,628.

1. CONTRACTS—*when mutual consent essential to extension.* *Held,* upon construction of the ensuing provision, that the contract in question in this case could not be extended except by mutual consent of the parties thereto:

''It is further agreed that should both parties be desirous of continuing this agreement after September 30, 1908, the prolongation of this contract for the term of one year on the same terms and conditions may be had by either parties giving to the other notice of two weeks before the expiration of this agreement.''

2. ASSUMPSIT—*when implied does not arise.* If moneys come into the hands of the owner of premises by virtue of the continued use of such premises against the will of the owner who has been enjoined from interference, such owner cannot after such use has been determined as improper be called to account for the money so derived by him.

Error to the Municipal Court of Chicago; the HON. GEORGE J. COWING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of facts. Opinion filed October 3, 1911. Rehearing denied October 17, 1911.

MAYER, MEYER & AUSTRIAN, for plaintiff in error.

DOUGLAS C. GREGG, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

William H. Swanson, doing business as William H. Swanson & Company, hereinafter referred to as plaintiff, on May 18, 1908, entered into a contract with James L. Lederer and George B. Levee Amusement Company, a corporation, hereinafter referred to as defendant, whereby the latter as lessee and manager of the Royal Theatre, situate at 1071 Lincoln avenue, Chicago, for and in consideration of the promises and agreements of

the plaintiff to offer and produce at said theatre a first class, high grade, moving picture show with illustrated songs and other talent as might become necessary in the production of the picture show, specifying the nature and particulars of the entertainment to be made, while expressly reserving unto itself the possession of the theatre and building and leasehold thereof, agreed to pay to the plaintiff as compensation for the full performance of the agreement a sum equal to 50 per cent. of the gross receipts of said performances at the theatre, the money to be due and payable by the defendant on the Mondays of each and every week during the continuance of the agreements, and to furnish the theatre free of rent and the license thereof, and to light the theatre and to furnish the electric current for the operation of the moving picture machine and to keep the theatre clean at its own expense.

The agreement contained the following clause:

"It is further agreed that should both parties be desirous of continuing this agreement after September 30, A. D. 1908, the prolongation of this contract for the term of one year on the same terms and conditions may be had by either parties giving to the other notice of two weeks before the expiration of this agreement."

On September 11, 1908, the defendant served notice on the plaintiff that it was not desirous of extending the time of the contract beyond September 30, 1908.

On October 1, 1908, the plaintiff filed a bill in equity in the Superior Court of Cook county alleging that he had in all respects complied with and performed the terms of the contract; that prior to September 15, 1908, he had informed defendant of his desire to continue the business another year; that in contemplation of such extension he had expended a large amount of money and incurred liabilities, but that defendant had informed him that after September 30, 1908, the contract was no longer in force.

The bill further alleged that by the termination of

the agreement on September 30, 1908, plaintiff will suffer great and irreparable loss, and that such loss cannot be measured. The bill prayed that an injunction issue restraining the defendant from carrying out its threat to deprive the plaintiff of said business. A preliminary injunction was issued the day the bill was filed in accordance with the prayer of the bill. On October 26, 1908, a motion to dissolve the injunction was sustained and the bill was dismissed for want of equity. Plaintiff thereupon prayed an appeal to this court where the decree of the chancellor was affirmed, a motion having been made in this court to continue the injunction in force, and denied.

An action was instituted in the Municipal Court of Chicago on February 10, 1909, to recover $872.15 being one-half of the receipts of the Royal Theatre for three weeks commencing Monday, September 28, 1908, to Sunday, October 18, 1908, and one-half the costs of the talking pictures during the same period; that is the period during which the injunction remained in force.

The defendant appeared and filed an affidavit of merits in the Municipal Court setting up the contract and the equity proceedings injunction, and that the plaintiff had wrongfully occupied the premises during the time for which his claim was based without right or license and solely under the protection of the injunctional order, and that plaintiff had collected and retained $706.20, the entire proceeds of the performances given for one week of the period during which plaintiff occupied the premises under the protection of the injunction.

At the trial it was stipulated by the parties that one half of the receipts for the four weeks during which the injunction was in force amounted to $1,455.83; that plaintiff retained one week's proceeds, amounting to $706.20, and that the remainder of half of the proceeds for the four weeks was $749.63. In addition to this sum the plaintiff claims $120 as half the costs of pro-

ducing the so-called talking pictures during the four weeks, making a total of $869.63.

The Municipal Court found the issues in favor of the plaintiff, and assessed plaintiff's damages at $869.63, and entered judgment in favor of the plaintiff and against the defendant for that amount and costs. From that judgment this writ of error is prosecuted.

The contention of the plaintiff below is that while the word "both" is used in the paragraph of the contract above quoted it was evidently meant to provide that either party might extend the contract for another year by giving two weeks' notice. An attempt is made to justify this substitution of the word "either" for "both" by referring to the latter part of the same paragraph in which it is provided that, "a prolongation of this contract for the term of one year on the same terms and conditions may be had by either party giving to the other notice two weeks before the expiration of this agreement."

The plaintiff below further contends that the defendant, plaintiff in error here, ratified and accepted the extension of the contract by accepting the benefits while the performances were being conducted under the protection of the injunctional order, urging that it was an active and not a passive acceptance. The real contention, however, of the plaintiff below was and is, that the contract in question was extended verbally in the months of August and September, 1908.

On the part of the defendants, plaintiff in error, it was contended, and is here contended, that while the language of the contract may not be particularly apt yet it is without ambiguity, and it is clear that the extension of the contract was dependent upon the desire of both parties, and that even though the contract were ambiguous, which it is denied, a reasonable construction in accordance with the phraseology of the contract was placed upon it by the conduct of the parties, and should be adopted by the court.

It is further contended that where a person has protested against, or is powerless to prevent, the bestowal of a benefit upon it, defendant cannot be compelled to compensate for such benefits; in other words that while the defendant was powerless during the period that the injunction remained in force to prevent plaintiff, defendant in error, from continuing the entertainment given at the theatre, it is now under no legal obligation to the plaintiff to pay over to it a sum equal to one-half the receipts; that the plaintiff was occupying the defendant's premises and giving his performances therein over the protest of the defendant, and solely under the protection of an injunction, which was afterwards dissolved, and thus the defendant was prevented from asserting his rights to dispossess plaintiff, such circumstances can impose no obligation on the plaintiff to reimburse the defendant for any services he may have performed, even though such services may have been beneficial to the defendant.

Upon a careful consideration of the terms of the contract and of the interpretation placed thereon by the parties to it, we are of the opinion that the parties agreed, as expressed in the contract, that the continuation of the agreement after September 30, 1908, for a term of one year thereafter was dependent upon the mutual agreement of both parties, and that neither party had the right to effect an extension of the contract for a term of one year without the consent of the other. The negotiations conducted between the parties for an extension of the contract in August and September shows very clearly that the parties so construed the contract at that time.

Upon the question as to whether an agreement was made in August and September whereby the contract was continued in force for another year we are of the opinion that the evidence wholly fails to establish any such agreement. Nothing was said or done by the defendant below, plaintiff in error, whereby its assent to

such an extension of the contract can be inferred. We cannot regard the contract as indefinite or uncertain in its terms, but even if it can be so regarded, as held in Walker v. Illinois Central Railroad Company, 215 Ill. 610, 619:

"It is allowable always to look at the interpretation the contracting parties placed on their agreement either contemporaneously or in its performance for assistance in ascertaining its true meaning. No extrinsic aid can be more valuable (Vermont St. M. E. Church v. Brose, 104 Ill. 206). A reasonable construction placed upon an indefinite or uncertain contract by the conduct of the parties will be adopted by the courts. Work v. Welsh, 160 Ill. 468."

We agree with the contention of the defendant, that even though the benefit was bestowed upon it by the plaintiff, where the defendant protested or was powerless to prevent the action which resulted in such benefit, the defendant cannot be held to have obligated itself to pay therefor.

The plaintiff filed a bill in equity and secured an injunction whereby the hands of the defendant were tied so that it could not prevent plaintiff from proceeding with the entertainments given by it in the theatre, and as a result thereof certain moneys came into the hands of the defendant, but the mere fact that the moneys came into the hands of the defendant by reason of the use of its property without authority can create no obligation on the part of the defendant, in our opinion, to respond to the plaintiff for the moneys thus received. We think Thornton v. Sturgis, 38 Mich. 639; Earle v. Coburn, 130 Mass. 596, and 15 Am. and Eng. Enc. of Law, 1094, sustain this legal position.

As to the claim of $120 made by the plaintiff against the defendant for one-half of the expenses of the talking pictures for the four weeks during which the injunction was in force, we are of the opinion that the evidence fails to support it, and that insofar as the judg-

ment includes that it is also wrong.

The judgment of the court below was clearly errone-ous, and it is therefore reversed with finding of fact.

*Reversed with finding of fact.*