## A. C. BREDESEN v. BARBARA NICKOLAY.[1]

### December 10, 1920.

### No. 21,959.

**Specific performance of sale contract—when matter of judicial discretion.**

  1. Specific performance of a contract to convey real estate is not matter of absolute right. If the contract was the result of mistake or if enforcement would be unconscionable or inequitable, performance will not be decreed. Insofar as the court may take these things into account, specific performance is matter of discretion, but, if the contract is fair and was fairly made, specific performance should be decreed.

**Same—defense of mistake not sustained.**

  2. The findings in this case that plaintiff's allegations of the making the contract are true, negative the defense of mistake set up in the answer.

**Vendee may take a clouded title, if he chooses.**

  3. The plaintiff may, at his option, take a clouded title to the land.

Action in the district court for Scott county for specific performance of a contract and for $200 damages. The case was tried before Tifft, J., who made findings and ordered judgment in favor of plaintiff. From an order denying her motion for a new trial, defendant appealed. Affirmed.

*E. W. Komarek,* for appellant.

*A. J. Phil Jelinek,* for respondent.

[1]Reported in 180 N. W. 547.

HALLAM, J.

Defendant is the record owner of a house and lot in New Prague. The lot is 66 feet east and west by 165 feet north and south. In October, 1918, plaintiff and defendant entered into a written contract, whereby defendant agreed to convey the property to plaintiff by warranty deed for a consideration of $1,200. This action was brought to enforce specific performance of that contract. The trial court found for plaintiff and ordered judgment decreeing specific performance by defendant on payment of the unpaid balance of the purchase price. Defendant appeals.

1. Specific performance of a contract to convey real estate is not a matter of absolute right. If enforcement would be unconscionable or inequitable, performance will not be decreed. Or if the contract as written is the result of mistake so fundamental that the minds of the parties have never met, or if an unconscionable advantage has been gained by mistake or misapprehension of the party defendant, and the parties can be restored to their original status, a court administering equity will not enforce the contract. Buckley v. Patterson, 39 Minn. 250, 39 N. W. 490.

Insofar as the court may take into consideration the diligence and good faith of the applicant and the fairness of the transaction, specific performance is a matter of discretion. Austin v. Wacks, 30 Minn. 335, 15 N. W. 409; Selover v. Isle Harbor Land Co. 91 Minn. 451, 98 N. W. 344; Coates v. Cooper, 121 Minn. 11, 140 N. W. 120.

But the court may not arbitrarily refuse to enforce a contract. The discretion exercised must be judicial discretion. Specific performance of a contract to convey real estate is a well recognized remedy, the granting of which is governed by fixed principles, and if satisfactory proof is made that the contract is fair and was fairly made, specific performance should be decreed. Abbott v. Moldestad, 74 Minn. 293, 77 N. W. 227, 73 Am. St. 348; Enkema v. McIntyre, 136 Minn. 293, 161 N. W. 587, 2 L.R.A. 411.

2. In this case, the execution of the written contract is admitted. Defendant contends, however, that it did not conform to the real agreement of the parties. The contention is that the agreement made was for a sale of the lot, excluding the south 40 feet thereof, that plain-

tiff prepared the written contract, and that, either through mistake or fraud, he did not conform the writing to the agreement made, and that, through excusable oversight, she signed without observing the mistake, and she asks for a reformation of the contract. These facts, if proven, would constitute a good defense to specific performance and a good ground for reformation. Buckley v. Patterson, 39 Minn. 250, 39 N. W. 490; Olson v. Erickson, 42 Minn. 440, 44 N. W. 317; 36 Cyc. 605; Dolvin v. American Harrow Co. 125 Ga. 699, 54 S. E. 706, 28 L.R.A. (N.S.) 785.

But the court did not find this state of facts. No specific finding is made upon defendant's claim of mistake. The finding is simply that the allegations of the complaint are true. This is, in substance, a finding that the parties entered into the contract as alleged and contended for by plaintiff, that plaintiff tendered performance, and that defendant refused to perform. This finding negatives the existence of the alleged facts set up in the answer. Combination Steel & Iron Co. v. St. Paul City Ry. Co. 52 Minn. 203, 53 N. W. 1144. It negatives the claim of mistake as contended for by defendant. The evidence on this point is in conflict. The court might have found either way. Its finding against defendant is sustained by evidence and will not be disturbed.

4. Defendant contends that in March, 1918, she had contracted to convey the south 40 feet of said lot to her sister and that she cannot now convey it to plaintiff. She offered in evidence a document purporting to be such a contract, and she testified that it was duly executed and delivered. The document was never recorded. The court made no finding as to whether this contract was in fact made. But we do not consider this important. Even if such contract were made and if it gives the sister a right, prior to plaintiff's, to a conveyance of this portion of the lot, this fact could not defeat plaintiff's suit. Plaintiff, as vendee, could not be obliged to take a clouded title, but, if his vendor's title to part of the land agreed to be conveyed is clouded, he may at his option take such title as his vendor is able to convey. 36 Cyc. 746 (90); Stromme v. Rierk, 107 Minn. 177, 119 N. W. 948, 131 Am. St. 452; Anderson v. Kennedy, 51 Mich. 467, 16 N. W. 816; Davis v. Parker, 96

Mass. 94; Work v. Welsh, 160 Ill. 468, 43 N. E. 719; Downer v. Church, 44 N. Y. 647; Melin v. Woolley, 103 Minn. 498, 115 N. W. 654, 946, 22 L.R.A.(N.S.) 595; 36 Cyc. 740 (72). This is what the decision in effect gives him. It could give him no more in this action. The sister is not a party and her rights cannot be here determined.

Order affirmed.