HECTOR LOUWAGIE v. W. C. HANEY AND WM. BUSSARD.[1]

November 24, 1922.

No. 23,021.

Executory contract of sale of land without present right of possession not subject to mortgage registration tax.

1. The provisions of the mortgage registry tax statute, G. S. 1913, § 2301, have no application to an executory contract for the sale of land where the vendee does not take and the contract does not give him the present right of possession, and it is not subject to the tax there imposed.

Specific performance—plaintiff need not show equities as well as legal right to performance.

2. The plaintiff in an action for specific performance of an executory contract for the sale of land is not required to supplement a showing of a legal right to performance with an affirmative showing of equities in his favor.

[1]Reported in 190 N. W. 892.

**Legal right sufficient when no equities appear.**

    3. In the absence of equitable considerations affirmatively appearing, the legal right prevails.

Action in the district court for Lyon county to enforce specific performance of a land contract. The case was tried before Olsen, J., who made findings and ordered judgment in favor of defendants. From an order denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*Charles L. DeReu,* for appellant.

*James H. Hall* and *E. V. Molle,* for respondents.

BROWN, C. J.

The facts in this case, not in dispute, are as follows: Plaintiff, the owner of the land involved in the action, on April 15, 1920, entered into an executory contract to sell and convey the same to defendants for the consideration of $49,000 payable: $3,000 at the time of the execution of the contract; $15,000 on March 1, 1921; $15,500 on March 21, 1923; and the assumption of an existing mortgage against the land in the sum of $15,500. By the terms of the contract a deed conveying the property to defendants was to be executed and delivered to them by plaintiff on March 1, 1921, upon the payment of the instalment of the purchase price then due and the execution by defendants to plaintiff of a mortgage upon the land securing the payment of the unpaid balance thereof. Neither the possession nor the present right of possession was given to defendants, vendees, by the contract or otherwise, and it was not surrendered to them, plaintiff at all times retaining the same. The payment falling due March 1, 1921, was not made, defendants then explaining the default as one of inability on their part to make the payment, and further that they would be unable to perform any of the other conditions of the contract, the breach of the contract on their part was complete.

Thereafter in May, 1921, plaintiff brought this action for specific performance, the option to cancel the contract for the default given by the contract not being exercised. The complaint sets out the

making of the contract, a copy thereof being attached to and made a part of the pleading, and defendants by their answer expressly admitted the same, alleging in defense that it had been abandoned by the mutual consent of the parties. Neither pleading contains any reference to the payment or nonpayment of the mortgage registry tax, and no evidence on the subject was presented on the trial.

The trial was before the court without a jury, at the conclusion of which the court made findings of fact showing the contract and the breach thereof by defendant, negativing the defense of abandonment, with the specific finding that the mortgage registry tax prescribed by statute had not been paid, and as conclusions based upon that finding, and the absence of equities in plaintiff's favor, specific performance of the contract was denied, and judgment for defendants ordered accordingly. Plaintiff appealed from an order denying a new trial.

The amended assignments of error challenge the conclusions of law as not sustained by the findings of fact, and also that the findings of fact are not sustained by the evidence. Thus is presented the question whether the contract in suit is subject to the mortgage registry tax. The judgment ordered below rests on the view that the statute applied and because the tax was not paid that performance of the contract should not be decreed by the court. Whether the trial court should in such a case deny specific performance on that ground, where the contract is plainly subject to the tax, without affording an opportunity to pay the same, may in view of some of our decisions be doubted. John v. Timm, supra, page 401. Particularly in a case where by the pleadings, as in the case cited and that at bar, the question is not in issue by the pleadings and not litigated.

But in the case here presented we conclude after full consideration of the question that this contract was not subject to the tax, therefore that the trial court erred in refusing plaintiff the relief sought. The statute controlling the matter, G. S. 1913, § 2301, insofar as material is as follows:

"An executory contract for the sale of land, under which the vendee is entitled to or does take possession thereof, shall be deemed,

for the purposes of this act, a mortgage of said land for the unpaid balance of the purchase price."

The purpose of the statute was to lay a tax on all real estate mortgages, and upon all executory contracts for the sale of land having analogous characteristics, in all cases where under such a contract the vendee is given and in fact takes possession, or where the contract by its terms the present right of possession is given, the possession and right thereof to be terminated upon his failure to pay the purchase price of the property or perform the other conditions of the contract. It does not apply to a contract like that at bar where possession is not taken by the vendee nor the present right thereof conferred. It no doubt applies to a contract where the right of possession is postponed to a future date, the contract to remain thereafter in its executory form. Such is not the case at bar, however, for here the transaction was to be completed on the date fixed for the transfer of possession, by the execution of a deed to the vendee, and a mortgage by him for the unpaid purchase price, as to which mortgage when executed the tax would apply. But it is clear that the law should not be construed to expose both the contract and mortgage to the tax. The object of the law is satisfied by one payment.

It follows that the learned trial court was in error in holding the contract in question subject to the tax, and there must be a reversal. But in view of the turn the case took in this court it should be remanded for a new trial, rather than with directions for judgment for plaintiffs. And in that connection we take occasion to say that although the appearance of equities, rendering specific performance unjust, will justify in special cases a refusal of the relief, the plaintiff in an action of the kind is not required to supplement evidence of a legal right to performance with an affirmative showing of equities in his favor. In the absence of equitable considerations the legal right prevails. Abbott v. Moldestad, 74 Minn. 293, 77 N. W. 227, 73 Am. St. 348; Enkema v. McIntyre, 136 Minn. 293, 161 N. W. 587, 2 A. L. R. 411; Bredesen v. Nickolay, 147 Minn. 304, 180 N. W. 547. Defendants here presented no equities.

Order reversed and new trial granted.