## JOSEPH J. LLOYD v. HENRY M. MICKELSON.[1]

October 8, 1926.

No. 25,518.

**Offer, acceptance and conduct constituted a contract.**

1. Correspondence and the conduct of the parties construed as a contract.

**Words in acceptance, "offer good ten days", construed.**

2. An acceptance of a proposal of sale, though for cash, embracing the words, "offer good ten days," construed as requiring an acceptance but not payment within the limited period.

**Exclusive method of proving deed is executed according to law of foreign state.**

3. If a vendor tenders a deed which does not comply with our laws, but executed in accordance with the laws of a foreign state, the exclusive method of proving that it was so executed is by certificate as provided in G. S. 1923, § 6981, subd. 1.

**Specific performance granted.**

4. Upon the facts disclosed in opinion, *held* specific performance should follow.

Acknowledgments, 1 C. J. p. 881 n. 51.
Specific Performances, 36 Cyc. p. 693 n. 60.
Vendor and Purchaser, 39 Cyc. p. 1189 n. 67 New; p. 1222 n. 30; p. 1496 n. 43; p. 1557 n. 10 New.

See 27 R. C. L. 329.

Action in the district court for Koochiching county to compel the execution of a warranty deed. The case was tried before Wright, J., who ordered judgment in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

*W. V. Kane* and *J. H. Brown*, for appellant.
*F. J. McPartlin*, for respondent.

[1]Reported in 210 N. W. 586.

WILSON, C. J.

Defendant appealed from a judgment. In correspondence with defendant, plaintiff offered to pay $1,800 for a certain 160 acres of land owned by defendant. On March 23, 1924, defendant wired plaintiff who wired an answer the next day. On March 25th plaintiff wrote defendant a letter in which he correctly copied the two telegrams, to-wit:

"I received the following telegram from you:

" 'Will accept eighteen hundred cash, this offer good ten days.'

"My reply to your telegram was:

" 'Accept offer eighteen hundred cash clear title, send deed and abstract First National Bank here for collection.'

" 'You can either make the deed out in blank from you or put my name in, which makes no difference and in case you do not have an abstract, instruct the bank here to furnish one.'

" 'In case there are any taxes which have not been paid kindly instruct the bank here to pay them.

" 'When these papers arrive and your title is found good I will close the deal'."

On March 31, 1924, defendant wrote the bank enclosing patent, and a deed from defendant to plaintiff instructing it to deliver to plaintiff on payment of $1,800 after deducting the cost of abstract. The deed was not witnessed. On April 8, 1924, the bank returned it with the request that it be witnessed and returned. Inquiry was made as to whether defendant was to pay taxes. On April 16, 1924, defendant attempted to withdraw his property from the market. The answer alleges that plaintiff lost all rights under the alleged contract because of failure to pay $1,800 within 10 days.

1. The offer, acceptance and acts of the parties are not in controversy. It is claimed that the transaction failed to become a contract because the acceptance was qualified: First, by the request for abstract and requirement that papers be sent to the bank; and, second, by the requirement in the letter for the payment of taxes. The telegram acceptance was conditional. Likewise the letter. Defendant doubtless had a right to terminate negotiations upon re-

ceipt of the wire and letter on the theory that his offer was not accepted. He did not. On the contrary he treated the communications from plaintiff as an offer and accepted the same by sending the papers to the bank. Defendant's act in sending the papers to the bank, which he made his agent, must be treated as an assent to the modification. Kileen v. Kennedy, 90 Minn. 414, 97 N. W. 126. The contract was sufficiently established.

2. Defendant pleaded that the terms of the contract required the payment of $1,800 within 10 days, and that plaintiff forfeited all rights by failing to do so. Such construction is not possible. The offer was couched in language that permitted plaintiff to accept any time within 10 days. No time was fixed for performance of the contract. Hence plaintiff had a reasonable time in which to perform. It is not claimed that he failed to act within such time but that he lost his rights by failure to make payment within 10 days. The agreement did not require the payment of $1,800 within the restricted period allowed for acceptance.

3. The delay of payment was due to the failure of defendant to have two witnesses to the deed as provided by G. S. 1923, §§ 902 and 8213. Defendant claims that the deed was properly executed under the laws of the state where executed. If so, it was sufficient under § 8213. But how was such fact to be established? Defendant proved the fact on the trial by introducing in evidence the statute of the foreign state. G. S. 1923, § 6981, subd. 1, provides that such fact "shall be proved" by the certificate of the clerk or other certifying officer of a court of record of the county or district in which the acknowledgment was taken, under the seal of such court, or by the secretary of the state or territory, under the seal thereof. The legislature must have meant this to be the exclusive method of establishing the fact. It contemplated that the showing would permit the register of deeds to decide if he should record the instrument. It doubtless also provided a method by which a lawyer might approve the acceptance of the deed, even though the statute of the foreign state were not accessible as is frequently the case. The deed tendered was insufficient.

4. There is no dispute as to the description of the land, the amount and place of payment and the furnishing of an abstract and a clear title. The terms of sale called for a "clear title" which meant that the 1923 taxes would have to be paid by defendant. Reference thereto in the letter did not extend the language of the telegram. Plaintiff holds a contract for the purchase of this land. Its terms are definite. Defendant refused to carry it out. Plaintiff has at all times been ready, able and willing to perform. We see no reason why defendant should not perform. Specific performance should follow. Bredesen v. Nickolay, 147 Minn. 304, 180 N. W. 547; Louwagie v. Haney, 153 Minn. 436, 190 N. W. 892; Ross v. Carroll, 156 Minn. 132, 194 N. W. 315; Blunt v. Egeland, 104 Minn. 351, 116 N. W. 653.

Affirmed.