First National Bank *v.* Russell.

Opinion delivered April 21, 1930.

656

*Lake, Lake & Carlton,* for appellant.

*Abe Collins,* for appellees.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in not directing a verdict in its favor since there is no substantial conflict in the testimony, and we have concluded that the contention must be sustained. Appellees do not deny having discounted the Thomas note with appellant bank without disclosing to it any information of the contract binding them to the crediting of $1,000 on the note upon the furnishing of an abstract by the Thomases showing a clear title to the 40-acre tract of Missouri land during the life of the deed of trust securing the payment of the note, nor that appellant bank duly entered the credit of $1,000 claimed by the Thomases upon showing the clearing of the title to the 40-acre tract of land; their contention being that the crediting of such amount on the note was unwarranted, since the completed abstract did not show a clear title to the 40-acre tract of land within the meaning of their contract.

The abstract of title as first made was presented to appellees and their attorney, Mr. Jackson, who pointed out three alleged substantial defects in it, and refused to approve same. Other attorneys were employed by the Thomases to clear the defects in the title, one of which was done by a successful suit to quiet the title, the others were shown to be without merit because of curative statutes of the State of Missouri, and another by the execution of a deed from one of the parties grantor in one of the conveyances who lacked a few days of being of age when the first conveyance was made, which fact however did not appear in the abstract of title, there being nothing on the face of it indicating the minority of this grantor.

The Thomases were only bound under the contract to furnish an abstract showing a merchantable or marketable title to the 40-acre tract of land, the expression "clear title" in the contract meaning no more than that, one free from material defects. Since the abstract of title as corrected does not disclose any defect in the record title which could be cured only by parol proof or a title dependent upon parol proof, the question of whether the title is a marketable one was one of law for the court to determine—a question of legal construction. 27 R. C. L. 491; *Townsend* v. *Goodfellow*, 40 Minn. 312, 41 N. W. 1056, 3 L. R. A. 739; *Mead* v. *Altgeld*, 136 Ill. 298, 26 N. E. 388; note 52 A. L. R. 1462.

The court erroneously submitted the question to the jury. The record discloses that the objection (3d) made to the decree to quiet title did not arise out of the proceeding, but was attempted to be interposed by an affidavit disclosing that one of the heirs of the deceased grantor was a resident of the county where the suit was brought and constructive service duly had—an attempted collateral attack or showing that a judgment duly rendered upon constructive service was invalid. The question of this conveyance relative to its invalidity on account of the acknowledgment shown to have been taken

by a justice of the peace of the State of Arkansas, an officer not authorized to take acknowledgments under the statutes of Missouri, was probably cured any way by the curative statute of 1919.

The objection No. 1 to the abstract to entry No. 13 was that the conveyance from Ira Thomas and wife was not on a uniform blank as provided by the Missouri statute for a warranty deed. Appellee's attorney, however, stated in making this objection that he did not examine the opinions of the appellate court of Missouri to ascertain whether this was material or only a matter of form. The operative words in the deed are "do hereby grant and warrant to Clara R. Thomas, a widow, the real property described" and were sufficient to convey the title. 18 C. J. 178; *State* v. *Kelliher*, 49 Ore. 77, 88 Pac. 867; *Horton* v. *Murden*, 117 Ga. 72, 48 S. E. 786; *San Francisco, etc. R. Co.* v. *Oakland*, 43 Cal. 502; *Mc-Dill* v. *Meyer*, 94 Ark. 615, 128 S. W. 364.

The defects complained of in the other conveyances shown in the abstract were all cured by the statute of Missouri, § 368, Revised Statutes of Missouri, 1919, having been recorded more than a year prior to the commencement of the suit in the circuit court. 1 R. C. L. 292; 1 C. J. 877-78; note 19 A. L. R. 1080.

Appellee's attorney upon his last examination of the abstract abandoned his objection to entry No. 19, admitting it was sufficient.

Appellees contend that this suit was premature, having been brought before the corrected abstract was submitted to and passed upon by them, but they insist that the appellant's authority under the assignment of the note was broad enough to include the entering of the credit for the $1,000 in the event the Thomases furnished clear title to the land, and it is unquestioned that the corrected abstract was furnished to appellant bank with a demand made for the credit of the $1,000 on the note purchased by it from appellees, and that the credit was entered thereon by the bank before this suit was brought.

It could make no difference in appellee's liability under the circumstances of the case that suit was brought before presentation of the corrected abstract showing a clear title to the land in controversy since appellant was bound to enter the credit upon the making of such showing, and appellant could enter the credit on the note as appellees were bound to do, taking no risk in doing so, other than correctly deciding that the abstract presented showed the title clear in accordance with the contract.

The court having held that the abstract showed such title, appellees cannot escape their liability under the contract nor avoid the repayment of the amount credited on the note which was sold to or discounted with appellant bank without the disclosure of any right upon the part of the makers to a reduction of the amount of the note as made and paid for.

It follows that the court erred in not directing a verdict for said amount sued for, and the judgment is reversed, and the cause will be remanded with directions to enter a judgment in appellant's favor accordingly. It is so ordered.