ROPER et al. v. CAPITAL VIEW REALTY CO.

No. 7309.

United States Court of Appeals for the District of Columbia.

Argued Oct. 13, 1939.

Decided Oct. 14, 1939.

Richard R. Atkinson, of Washington, D. C., for appellants.

Herman Miller, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

PER CURIAM.

This was an action for breach of contract to convey clear title to certain real estate.

Appellants made a contract with appellee to purchase certain real estate in the District of Columbia on the installment plan. The second paragraph of the contract recited: "Seller to execute, but not deliver, a deed conveying property to purchaser who is to have a clear title upon the payment of the entire purchase money and interest in accordance with this contract."

Paragraph 4 recited: "The purchaser agrees to reimburse seller for all taxes and assessments advanced by it upon said property after this date."

Appellants completed the installment payments in full and demanded a "clear title" deed. It then developed that prior to the date of the contract, special assessments had been made against the land for sewer and water improvements in the sum of $300, constituting a lien on the property. Appellants were compelled to pay a part of the assessments to protect their land, and brought this suit to recover of the seller the full amount.

The trial judge held that the second quoted clause relieved the seller of liability. We think this was error. An encumbered title is not a clear title. Lloyd v. Mickelson, 168 Minn. 441, 210 N.W. 586; First National Bank v. Russell, 181 Ark. 654, 27 S.W.2d 90; Ogg v. Herman, 71 Mont. 10, 227 P. 476. His interpretation of the contract makes the second quoted clause repugnant to the first by forcing the purchaser to accept, without recourse to the seller, an encumbered title. See Whipple v. Geddis, 25 App.D.C. 333. A contract should be interpreted so as to give reasonable meaning to all of its provisions. E. I. Du Pont De Nemours & Co. v. Claiborne-Reno Co., 8 Cir., 64 F.2d 224, 228, 89 A.L.R. 238. In our opinion the two clauses can and should be reconciled by reading the first as giving the right to a title clear of all liens to the date of the contract, and the second as imposing on the purchaser the liability for taxes and assessments subsequent to that date, not for those which had become liens previously.

Reversed.