ANDREW A. ANDERSON v. EDWARD KENNEDY.

*Specific performance.*

Suit for specific performance was brought against one who had agreed to convey, but refused to execute a deed on the ground that his title

was subject to a reservation of mineral rights of which complainant knew, but he himself did not, at the time of making the agreement, and that complainant had told him that it was not necessary to expressly except a certain easement that was appurtenant to his homestead. It was not shown that complainant had acted fraudulently. Complainant consented to accept performance in precise accordance with defendant's maximum claims, and to take a deed reserving the easement and excepting the right to minerals, and a decree was made accordingly, without costs to either party. *Held,* that defendant could not complain.

Appeal from Marquette. (Grant, J.) Oct. 4.—Oct. 10,

SPECIFIC PERFORMANCE.   Defendant appeals.   Affirmed.

*E. E. Osborn* for complainant.

*W. P. Healy* for defendant.

GRAVES, C. J.  The defendant agreed in writing to convey a strip of land to the complainant for $350. The terms were unconditional. The complainant paid the consideration and demanded a conveyance. The defendant refused to give a deed, and complainant filed this bill to compel specific performance.

The defendant claimed in his answer that it was verbally understood at the time of the written contract that a certain passage-way appurtenant to his homestead should be excepted. He also claimed that his holding was subject to a reservation of minerals, and that he was not aware of this fact at the time of the agreement. He further contended that complainant represented that no mention was necessary, in the writing, of the reservation of the passage-way, and further, that he himself was ignorant that his title was subject to a reservation of minerals, although the complainant was aware of it and did not suggest it.

An argument is made to show that the complainant acted in bad faith and took a fraudulent advantage; but this is not borne out by the evidence. We discover no marks of fraud whatever. The complainant made no surrender in regard to the accuracy of his own version of the facts, but he consented to waive his rights under the contract as written

and to accept performance in precise accordance with the maximum claims of the defendant. He consented to take a deed with the fullest reservation in relation to the stairway and subject to an ample exception of the right to minerals, and the court made a decree in conformity with this offer of complainant and gave costs to neither party.

The defendant has no cause to complain. On the facts, as he admits them, the complainant was at least entitled to all the relief granted, and we are inclined to think he might have insisted on something more.

The decree is affirmed with costs.

The other Justices concurred.