EDWARD W. SPARROW v. ENOCH SMITH AND JOHN J. BUSH.

*Breach of joint covenant of seizin—Injunction to restrain it for breach of.*

Defendant Smith purchased a tract of land of complainant and one Bush for $2,400, and received a *warranty* deed, the covenants in which were *joint*. Smith was aware at the time that the heirs of one Runyan were the *real* owners of the land, of which fact his *grantors* were ignorant, they being purchasers in *good faith*, relying upon the *record* title. Smith entered into possession, and some years afterwards the Runyan heirs recovered a judgment in ejectment against him in the United States circuit court, affirming their title to said land; after which Smith sued his grantors upon the covenants of *seizin* and for *quiet enjoyment* in their deed to him. At the date of said deed Bush was *financially* responsible, but was *insolvent* at time suit was commenced. Thereupon complainant, after tendering defendant *one-half* the purchase price, and interest thereon, filed a bill to perpetually enjoin the prosecution of said suit at law as against him, and for general relief, to which defendant demurred generally.

*Held*, that the *fact* that the defendant at the *time* of his purchase knew of the *insufficiency* or *invalidity* of complainant's *title* is not an available defense to an action on the covenants in the deed, either at *law* or in *equity;* in which action the deed governs, and the grantor cannot, in the absence of fraud, in order to defeat the operation of the covenants, establish by *parol* the grantee's knowledge of an *incumbrance* upon the land conveyed, or a *defect in* or *utter want* of title, or by *oral* proof engraft upon the deed exceptions and reservations not therein mentioned. Rawle, Cov. (3d ed.) 128; *Van Wagner v. Van Nostrand,* 19 Iowa, 422; *Barlow v. McKinley,* 24 Id. 70; *Harlow v. Thomas,* 15 Pick. 66; *Suydam v. Jones,* 10 Wend. 180; *Hubbard v. Norton,* 10 Conn. 423-431.

*Held*, further, that there was no perceptible fraud upon the part of the defendant in the transaction, his recovery being limited to the *purchase price* paid for the land, and seven per cent. interest; and that the *after-insolvency* of Bush was immaterial, as defendant must be presumed to have acted on the idea of his *continued solvency,* as did the complainant.

63 MICH.—14.

*Held*, further, that had there been *collusion* between defendant and the plaintiffs in the ejectment suit, whereby the judgment was secured, a different case would be presented, and there *might* be some basis for a claim of fraud upon defendant's part entitling complainant to relief; but that the mere *concealment* by defendant from his grantors of his *knowledge* of the defect in their title, under the facts stated, cannot be considered fraudulent.

Appeal from Ingham. (Gridley, J.) Argued July 20, 1886. Decided October 14, 1886.

Bill filed to enjoin suit for breach of covenants in deed. Complainant appeals. Affirmed. The facts are stated in the opinion.

*M. V. & R. A. Montgomery (Huntington & Henderson,* of counsel), for complainant:

Smith's knowledge that the title was defective is no defense at law: Rawle, Cov. (4th ed.) 115, 117, 118.

Smith knew that complainant was the owner of only one-half of the land, Bush receiving the price paid for the remaining half, which passed beyond complainant's control; and he was under obligation to inform complainant of the defects in the title: 1 Story, Eq. Jur. (12th ed.) 212-217.

Equity would not enforce the specific performance of such a contract, and it ought not to permit such enforcement at law: 1 Story, Eq. Jur. (12th ed.) 676-7, 757-8.

Defendant must be charged with notice that complainant would not have given covenants covering the *whole* land with knowledge of his want of title, or, if he did, would have secured himself on the entire purchase price; and in equity the covenants should be construed in that proportion: Rawle, Cov. (4th ed.) 697-704; *Taylor v. Gilman,* 25 Vt. 411.

*S. L. Kilbourne,* for defendant Smith:

The knowledge of defendant at the time he purchased the land that his grantors had no title is no defense in this suit. [See authorities cited in opinion, pages 213, 214.]

Mere *passive* concealment, when not prompted by *active* misconduct misleading the party, is not fraudulent, hence is

not a subject of redress on the ground of fraud: Bigelow, Fraud, 32-3; *Williams v. Spurr*, 24 Mich. 335; *Haynes v. Hart*, 42 Barb. 58; nor does good faith in entering into a covenant entitle the covenantor to defend against a breach of it: *Byles v. Lawrence*, 35 Mich. 460.

Unless complainant can show that the defect was known, and defendant undertook "to chance it," he can have no relief; and this agreement cannot rest in parol, but must appear in the deed or by absence of a covenant: *Harlow v. Thomas*, 15 Pick. 66.

The presence of covenants negatives such a claim: *Platt v. Gilchrist*, 3 Sandf. 118.

The covenants are joint, and the liability of each covenantor is complete on the breach, there being no words of severance: Rawle, Cov. (2d ed.) 571.

MORSE, J. This case comes here on bill and demurrer. The bill was dismissed in the court below.

The facts, as stated in the bill of complaint, are substantially as follows:

August 7, 1837, Edward Mundy became the owner of the land in controversy in Ingham county, and received a patent from the United States for the same. The patent also included lands in Van Buren county. The patent was soon after recorded in Van Buren county, but was not recorded in Ingham county until July 31, 1877.

On the fifth day of July, 1837, Mundy conveyed the said lands by warranty deed to Clarkson Runyan. This deed was not recorded in Ingham county until July 31, 1877.

In April, 1851, Mundy died, leaving a will by which the title to all the lands of which he died seized was vested in fee in George Sedgwick, his executor.

June 17, 1871, Sedgwick deeded the land in controversy to Charles H. Shepard, the consideration being $500. Previous to this purchase by Shepard, he and Charles W. Butler and the complainant had entered into an agreement by which Shepard was to furnish $250, and have half the land. Complainant was to furnish the other $250, and take half of the land, which he was to hold in trust for himself and Butler,

each to share equally in the profits of the said purchase of the said one-half.

In pursuance of this agreement, Shepard, November 28, 1872, conveyed one-half of the land to complainant.

December 21, 1872, Shepard conveyed the undivided half remaining in him to John J. Bush.

June 3, 1875, Bush and complainant sold the land to defendant Smith for $2,400. Smith paid to each $1,200, and complainant paid to Butler his share of the profits of the joint venture upon one-half. Bush and complainant executed to defendant Smith a warranty deed, containing the usual covenants of such deeds.

At the time of these conveyances to Shepard, Bush, and complainant, they were each and all purchasers in good faith for value, and without any notice of the deed to Runyan. Bush and complainant had no notice of this deed until after their conveyance to Smith, the defendant; but Smith, before and at the time of his purchase from them, knew of the Runyan deed, and that the land belonged to parties who were not the grantors of Bush and Sparrow. He did not, however, inform them of this fact, but concealed the same from them.

Smith took possession of the land under his deed, and put one Gustavus Gostopher in possession thereof as his tenant.

In 1846, Clarkson Runyan died intestate, leaving certain heirs at law surviving him.

May 21, 1880, certain of these heirs, holding twenty-four twenty-fifths of the land, brought an action of ejectment against Smith and Gostopher in the United States circuit court for the Eastern district of Michigan, which resulted in a judgment in favor of said heirs for twenty-four twenty-fifths of the premises. The case was tried before the court without a jury. The presiding judge, Henry B. Brown, found the facts substantially as above stated, so far as they

were involved or material in said suit, and further found, as a conclusion of law from said facts, that the plaintiffs in such suit were the owners, as tenants in common, of the title in fee simple to the undivided twenty-four twenty-fifths of the premises in controversy, and were entitled to recover the same from the said defendant Smith. Judgment was entered accordingly of date October 15, 1883.

February 23, 1884, Smith brought an action in the circuit court for the county of Ingham, against Bush and Sparrow, upon the covenants of seizin and for quiet enjoyment contained in the deed from them to him. Before the commencement by Smith of this suit, Sparrow tendered to him $1,200, and the interest thereon, being the amount paid by Smith to him.

When the Bush and Sparrow deed was made to Smith, Bush was financially responsible, but has since become totally insolvent, and any judgment rendered in such suit in favor of Smith against Bush and Sparrow must be paid alone by Sparrow, who is responsible.

May 31, 1884, the bill of complaint was filed in this case, praying that said defendants, Bush and Smith, might answer to the matters alleged therein, and that the said Smith be perpetually enjoined from prosecuting his said suit as against the complainant, and for general relief.

Defendant Smith interposed a general demurrer to said bill.

The fact that the defendant Smith at the time of his purchase knew of the insufficiency or invalidity of complainant's title is not an available defense to the action on the covenants, either at law or in equity. In that action the deed governs, and the grantor, in order to defeat the operation of the covenant, cannot, in the absence of fraud, establish by parol the grantee's knowledge of an incumbrance upon the land conveyed, or a defect in or utter want of title, or by oral proof engraft upon the deed exceptions and reservations not therein mentioned. Rawle, Cov. (3d ed.) 128; *Van Wagner*

*v. Van Nostrand,* 19 Iowa, 422; *Barlow v. McKinley,* 24 Id. 70; *Harlow v. Thomas,* 15 Pick. 66; *Suydam v. Jones,* 10 Wend. 180-186; *Hubbard v. Norton,* 10 Conn. 423-431.

There is no perceptible fraud upon the part of Smith in this transaction. He paid $2,400 in cash down for the land, and Sparrow and Bush received it. It is difficult to see any object upon Smith's part to defraud them, or either of them. He can only recover back what he parted with, and 7 per cent. interest upon it. What he was to gain by the transaction is not apparent. If Bush had remained solvent, as he was when the covenants were entered into, the complainant would have lost nothing by Smith's action. It cannot be inferred that Smith had in view the future insolvency of Bush, or that the land would be taken from him, and Sparrow be left alone responsible to him for the purchase money. It must be presumed that he acted upon the idea that Bush was and would remain financially responsible, as well as did the complainant. If Sparrow had supposed at the time of the execution of the deed that Bush would become insolvent, it is not to be presumed that he would have entered into the joint covenants in the deed.

There is no allegation in the bill that there was any collusion between the plaintiffs in the ejectment suit and defendant Smith. If there had been, and the judgment in that case was shown to have been brought about by such collusion, a different case might have been presented to us. There might have then been some basis for a claim of fraud upon the part of Smith, entitling the complainant to relief.

As it is, the mere concealment by Smith from the complainant and Bush of his knowledge of the defect in their title, as it could not harm them, or either of them, save by the not-contemplated insolvency of Bush, nor benefit Smith, who could make nothing out of the transaction, but must be a loser to the extent of his expenses in litigation, cannot be considered as fraudulent.

It is further contended by the counsel for complainant that the covenant in the joint deed of complainant and Bush to Smith should, under the circumstances of this case, be construed as a covenant of the complainant only for his half of the premises.

We do not consider it necessary to pass upon this question. The legal effect of the covenant can be determined in the suit upon the covenants now pending at law.

The decree below is affirmed, with costs.

The judgment of this Court will be entered of date October 5, 1886.

The other Justices concurred.