OGOOSHEVITZ v. WARIJAS.

1. VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—TITLE—BUILD-
ING RESTRICTIONS.
    Building restrictions upon land constitute a cloud upon the
    title.

2. SAME—DEFAULT—DUTY TO RETURN PAYMENT.
    Where defendants entered into a written contract with
    plaintiff, agreeing to sell him certain land, accepting a
    payment, and agreeing to furnish an abstract showing
    clear title, the deal to be completed within 30 days, it
    was defendants' duty, upon plaintiff's refusal to go on
    with the deal because of defects in the title, to either
    return the payment, as plaintiff demanded, or clear the
    title.

3. SAME—SPECIFIC PERFORMANCE—DEFECTS IN TITLE—WAIVER.
    Upon defendants' refusal to acquiesce in plaintiff's repudi-
    ation of the contract, and return to him the payment, he
    had the right to waive the defects in the title and demand
    performance, although the 30 days had expired, since the
    delay was caused by defendants' default.

Appeal from Wayne; Shepherd, J., presiding. Sub-
mitted October 23, 1918. (Docket No. 11.) Decided
December 27, 1918.

Bill by Isaac Ogooshevitz against Martin Warijas
and another for the specific performance of a land
contract. From the decree rendered, plaintiff appeals.
Reversed, and decree entered for plaintiff.

*William Friedman,* for plaintiff.
*Felix A. Doetsch,* for defendants.

BIRD, J. Defendants entered into a written con-
tract with plaintiff agreeing to sell to him, upon land
contract, certain real estate situate on the north side
of Ferry avenue between Hastings and Rivard streets,

See notes in 10 L. R. A. (N. S.) 117; 38 L. R. A. (N. S.) 1195.

in the city of Detroit, for the sum of $10,000. Two hundred dollars was paid when the agreement was executed and a further payment of $2,300 was to be made when the land contract was executed. Further provisions of the agreement were:

"Possession of premises to be given only when this deal is closed on or about 30 days from date hereof. Purchaser is to receive a Burton or Union Trust Company abstract, brought down to date, showing clear title extended to date of the present time. This agreement is not assignable. Said deposit to be forfeited if purchaser fails to complete agreement on his part on or before 30 days from date hereof."

The agreement was signed on January 6, 1916. On January 18th the abstract was delivered to plaintiff. On January 25th plaintiff advised defendants, by letter, that several defects in the title were shown by the abstract, the principal and serious one being certain building restrictions to which the property was subject. Attention was called to the agreement that he was to have an abstract showing clear title and suggesting that on account of the failure of the abstract to show clear title his payment be returned. Following this, several conversations were had over the telephone by the attorneys representing the respective parties, but at the trial they were not agreed as to what was said. It is sufficient, however, to say that defendants refused to return the $200, but finally offered to return $100, keeping the balance to cover their expense and trouble. Plaintiff would not agree to this and wrote defendants, on March 17th, that having failed to return his money he assumed they elected to hold him to his contract and, therefore, he would deem himself bound by the terms thereof, and followed this with a demand that the defendants perform the agreement on their part and deliver to him a land contract, at the same time offering to pay the $2,300 in accord-

ance with the agreement. Defendants, in reply to this letter, then took the ground that plaintiff had repudiated his contract on January 25th and while they would not concede that plaintiff was entitled to the return of his money, they would, in the interest of a settlement, return $100 of it. Plaintiff being unwilling to accept this settlement, on April 27th tendered the defendants $2,500 in cash and requested a land contract in accordance with the agreement. Defendants refused to comply with the request and plaintiff filed this bill to specifically enforce the contract. The chancellor denied the relief of specific performance, but gave plaintiff a decree for $200. the amount of the initial payment.

1. It does not appear to be denied that the abstract showed that the premises were subject to certain building restrictions. It is undoubtedly true, as plaintiff urges, that building restrictions constitute a cloud upon the title. 39 Cyc. p. 1500, and cases cited.

When this situation developed it was the duty of defendants to do one of two things, either get the building restrictions released or return plaintiff's payment to him. Plaintiff suggested they return his money but defendants refused to do so and denied that he was entitled to it, thereby claiming, by implication at least, that he was still bound to perform. While matters stood in this wise and before defendants had acquiesced in plaintiff's election he advised them in writing he would waive the defects and would deem himself bound by the contract. This then placed the parties back in the position where both were bound to perform the contract. But counsel says that plaintiff repudiated the contract on January 25th and he could not thereafter insist on defendants performing it. True, he elected to have a return of his money as he had a right, as the abstract did not show a clear title, but by reason of defendants' insistence that he was

bound by his contract, he waived the defects and advised them that he would accept a conveyance subject to the defects.

It is also argued that plaintiff did not perform within 30 days and that time was of the essence of the contract and, therefore, he is not entitled to specific performance. The contract provided that he was to forfeit the payment only in the event that he failed "to complete the agreement on his part within 30 days." The plaintiff was not in default. The defendants were in default. This being true, plaintiff had a right to, and did, waive the defects, and after so doing he had a right to insist upon a performance by defendants. *Anderson* v. *Kennedy*, 51 Mich. 467; 36 Cyc. p. 746.

In view of the fact that plaintiff is willing to accept a conveyance of the premises subject to the building restrictions and subject to any other defects, we think the contract should be enforced as prayed.

The decree will be reversed and one entered in conformity with this opinion, with costs to plaintiff.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, C. J., did not sit.