HYMAN *v.* BOYLE.

1. VENDOR AND PURCHASER — DEEDS — RESTRICTION OF USE OF
   PREMISES IS AN INCUMBRANCE.

   A restrictive clause in a deed limiting the use of the
   premises to business and residential purposes, and pro-
   viding that all buildings erected thereon should be not
   less than two stories in height and be built of pressed
   brick or stone, and to cost not less than $3,500, is an
   incumbrance.

2. SAME—WAIVER—RESCISSION.

   A vendee in a land contract providing for conveyance
   free from all liens and incumbrances, who had knowledge
   of building restrictions in the vendor's deed at the time
   the contract was executed, which were omitted therefrom
   by inadvertence, and who thereafter, for five years, and ·
   until the final payment was due, made payments and paid
   the taxes, thereby waived his right to rescind the contract
   because of the vendor's inability to convey free of said
   restrictions.

3. EQUITY—CASE MUST APPEAL TO CONSCIENCE OF COURT.

   To entitle one to relief in a court of equity, he must pre-
   sent such a case as appeals to the conscience of the court.

Appeal from Wayne; Brennan (Vincent M.), J.
Submitted April 22, 1927. (Docket No. 167.) De-
cided June 6, 1927.

Bill by Joseph Hyman against Ida M. Boyle for
rescission of a land contract. Defendant filed a cross-
bill for specific performance. From a decree for de-
fendant, plaintiff appeals. Affirmed.

*Butzel, Levin & Winston,* for plaintiff.

*William Krichbaum,* for defendant.

SHARPE, C. J.    Plaintiff herein, as vendee, seeks

¹Vendor and Purchaser, 39 Cyc. p. 1500; 38 L. R. A. (N. S.)
34; 27 R. C. L. 508; 5 R. C. L. Supp. 1474; ²Id., 39 Cyc. p. 1525;
27 R. C. L. 911; 4 R. C. L. Supp. 1770; 5 R. C. L. Supp. 1487;
³Equity, 21 C. J. § 163.

to rescind a contract for the purchase of real estate from the defendant, and to recover the money paid thereunder.    Defendant by cross-bill prays for specific performance of the contract.    Plaintiff's bill was dismissed and a decree entered for defendant.    Plaintiff appeals.

The contract was entered into on August 2, 1920. Its terms are not in dispute.    Plaintiff made the interest payments due thereon and paid the taxes until April 10, 1925, when he served notice of rescission and made demand for all moneys paid by him, including the down payment.    The contract provided that on full payment the defendant should furnish plaintiff with an abstract of title and execute and deliver to him "a good and sufficient warranty deed   *   *   * free and clear of and from all liens and incumbrances." It contained no building restrictions.

Defendant had purchased under a land contract. This contract and her deed, which was secured at the time the contract with plaintiff was executed, both contained a restrictive clause limiting the use of the premises to business and residential purposes, and providing that all buildings erected thereon should be not less than two stories in height and be built of pressed brick or stone and cost not less than $3,500. Such a restriction is an incumbrance.    *Ogooshevitz* v. *Warijas*, 203 Mich. 664.

Plaintiff's right to rescind is based on the claim that defendant was unable to convey the lots free from incumbrance, in accordance with the contract.    The trial court found that plaintiff had knowledge of the restriction at the time the contract was entered into, and that by thereafter making his payments, without protest, he waived his right to rescind for that reason, and that his laches in exercising such right justified a denial of relief to him.

We have read the record with care, and are convinced, as was the trial court, that both the plaintiff

and his attorney knew that the property was restricted at the time the contract was entered into. The deal was completed in the office of the North Woodward Avenue Land Company, from whom the defendant had purchased the property under contract. Plaintiff and his attorney and defendant and her husband and Bruno Thannheimer, treasurer of the company, were present. Plaintiff's attorney had theretofore examined the abstract. Thannheimer handed him the deed conveying the property to defendant, properly executed. The attorney examined the deed, and the contract (in duplicate), which he had theretofore prepared, was then executed by the plaintiff and the defendant. The attorney canceled the revenue stamps on the deed, kept it, had it recorded, and then sent it to the defendant. The building restrictions were plainly copied in the typewritten part of the deed, and could not have been overlooked by any intelligent person when examining it. We are satisfied that it was omitted from the contract by inadvertence.

Counsel contend that a finding that plaintiff had notice that the property was restricted in no manner relieves defendant from her covenant to convey the property free and clear from all liens and incumbrances. Were the incumbrance of such a nature that it could be removed by defendant, there would be much force in this contention. *Sparrow* v. *Smith,* 63 Mich. 209; *Edwards* v. *Clark,* 83 Mich. 246 (10 L. R. A. 659) ; *Sanders* v. *Detlaff,* 218 Mich. 471. But, having notice of the building restriction, plaintiff then, and at all times thereafter, knew that there was no reasonable way in which defendant could relieve the property from the incumbrance, and that she could not perform in strict compliance with the terms of the contract. And yet, for five years, and until the final payment on the contract became due, he made payments thereon and paid the taxes on the property, without even a hint to defendant that he had a right

to rescind if he should elect to do so. He considered himself in a position to take advantage of any increase in value there might be during that time, or, if there were none, to rescind and demand payment of all that he had paid out and interest thereon.

Plaintiff is here seeking the aid of a court of equity. To entitle him to relief, he must present such a case as appeals to the conscience of the court. In *Cathcart* v. *Robinson*, 5 Pet. (U. S.) 264, 276, Chief Justice Marshall said:

"No untruth has been suggested; but if Robinson knew that Cathcart was mistaken, knew that he was entering into obligations much more onerous than he intended, that gentleman is not entirely exempt from the imputation of suppressing the truth."

In *Grymes* v. *Sanders*, 93 U. S. 55, 62, it was said:

"A court of equity is always reluctant to rescind, unless the parties can be put back *in statu quo*. If this cannot be done, it will give such relief only where the clearest and strongest equity imperatively demands it. Here the appellant received the money paid on the contract in entire good faith. He parted with it before he was aware of the claim of the appellees, and cannot conveniently restore it. * * * Times have since changed. There is less demand for such property, and it has fallen largely in market value. Under the circumstances, the loss ought not to be borne by the appellant."

In *Haldane* v. *Sweet*, 55 Mich. 196, rescission of a contract of purchase and sale was sought on the ground, among others, that the premises were incumbered by "two public or semi-public alleys," and that the vendor could not, by reason thereof, convey an unincumbered title as he had contracted to do. The court said:

"The alleys were open to observation at the time, and he must have known all about them and bought with them in mind. If they constituted a technical breach of covenant, they certainly present no equitable claim to a rescission of the purchase."

In *Security Ins. Co.* v. *Fay,* 22 Mich. 467, 473 (7 Am. Rep. 670), it was said that waiver arises—

"from some conduct which induces action in reliance upon it, to an extent that renders it a fraud to recede from what the party has been induced to expect. It is only enforced to prevent fraud."

(Quoted with approval in *Power* v. *Insurance Co.,* 121 Mich. 364, 366.)

It may be proved—

"by acts and conduct manifesting an intent and purpose not to claim the supposed advantage, or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive." 27 R. C. L. p. 911.

"A waiver may be shown by a course of conduct signifying a purpose not to stand on a right, and leading, by a reasonable inference, to the conclusion that the right in question will not be insisted upon. And a person who does some positive act which, according to its natural import, is so inconsistent with the enforcement of the right in his favor as to induce a reasonable belief that such right has 'been dispensed with, will be deemed to have waived it." *Swedish American Nat. Bank* v. *Koebernick,* 136 Wis. 473 (117 N. W. 1020, 128 Am. St. Rep. 1090).

We are satisfied that plaintiff knew that the use of the property was restricted. He made payments and paid the taxes as provided for in the contract for five years, during which time he knew that defendant could not convey the property to him free from the restriction. He had the right to waive the provision entitling him to a deed free from the incumbrance created by the restriction. *Anderson* v. *Kennedy,* 51 Mich. 467; *Ogooshevitz* v. *Warijas, supra.* In our opinion he must be held to have done so.

The decree is affirmed, with costs to appellee.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.