DAUGHERTY *v.* READING.

1. COVENANTS—BREACH—DEEDS — INCUMBRANCES — EASEMENT FOR HIGHWAY.

   Generally, existence of known easement for public highway at time of conveyance does not constitute breach of covenant against incumbrances in deed.

2. SAME.

   Where owners were entitled to compensation for land taken for highway purposes long before entering into preliminary agreement for sale of farm, and purchasers knew that title acquired would be subject to rights of public in said highway, they are not entitled to have consideration paid for said easement credited on purchase price of farm, although release to State was not executed until after preliminary agreement was entered into.

Appeal from Jackson; Simpson (John), J. Submitted October 25, 1932. (Docket No. 214, Calendar No. 36,879.) Decided December 6, 1932.

Bill by John F. Daugherty and another against Walter F. Reading and another to discharge a mortgage. Bill dismissed. Plaintiffs appeal. Affirmed.

*Haskell L. Nichols,* for plaintiffs.

*John E. Shekell,* for defendants.

SHARPE, J. On August 13, 1926, the plaintiffs made written offer to purchase a farm consisting of about 166 acres in the county of Jackson for the sum of $11,000 payable as therein provided. The defendants in writing accepted said offer. Pursuant

On easement for highway as breach of covenant against encumbrances, see annotation in 64 A. L. R. 1479.

thereto, defendants conveyed the land to plaintiffs on December 24, 1926, receiving a mortgage thereon for a part of the purchase price.

Prior to the date of the preliminary agreement, the State highway department had taken possession of a strip of land 100 feet in width across a part of said land for a right of way for a State highway known as M-50. New fences had been erected, grading done, and some cement then laid. These facts were known to Mr. Daugherty at that time. The release to the State, under which Mr. and Mrs. Reading received $2,750, was not executed until November 10, 1926.

On November 27, 1931, the plaintiffs had reduced the amount of the mortgage to $2,750, and they then filed the bill of complaint herein, in which they seek to compel the defendants to credit them with the $2,750 received from the highway department. From a decree dismissing the bill, the plaintiffs have appealed.

It clearly appears that the defendants were entitled to compensation for the land thus taken long before the preliminary agreement was entered into, and that plaintiffs knew at that time that the title they would acquire would be subject to the rights of the public in the highway. The release executed was ''for the sole and only purpose of conveying to the said State of Michigan right of way over the above described lands for highway purposes.''

A somewhat similar question was presented in *Dunlap* v. *Railway Co.*, 50 Mich. 470. The defendant company in that case had taken possession of a right of way ''under pretense of a judgment which proved to be utterly void.'' The court said:

''Had the plaintiff sold the land to a third person, his right to recover from the railroad company

would have remained unaffected, for the injury was already inflicted, and the injurious consequences which had resulted or were likely to result would be taken into account in determining the price.''

In a note to *Lavey* v. *Graessle* (245 Mich. 681), in 64 A. L. R. 1482, it is said:

''The majority of the jurisdictions support the general rule that the existence of a known easement for a public highway at the time of the conveyance does not constitute a breach of the covenant against incumbrances in the deed.''

Many cases are cited in its support, among them *Haldane* v. *Sweet*, 55 Mich. 196, wherein it was held that public alleys ''open to observation at the time,'' and of which the purchaser ''must have known all about them and bought with them in mind,'' did not constitute a breach of covenant entitling the purchaser to rescission. This holding was cited with approval in *Simons* v. *Diamond Match Co.*, 159 Mich. 241, and *Hyman* v. *Boyle*, 239 Mich. 357.

The decree is affirmed, with costs to appellees.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.