[S. F. No. 14856. In Bank.—January 17, 1934.]

## MAX BAER, Appellant, v. J. HAMILTON LORIMER et al., Respondents.

Philip S. Ehrlich and Albert A. Axelrod, of Counsel, for Appellant.

Myron Harris, Butler, Van Dyke & Harris, Gerald M. Desmond, Wilber S. Pierce, John G. Robertson and Frank L. Guerena for Respondents.

THOMPSON, J.—On October 6, 1930, the plaintiff, Max Baer, entered into a contract with the defendants, wherein he agreed to place himself under the management of defendants and to take part in all boxing contests, vaudeville and theatrical performances required by the defendants and arranged by them. It was further agreed that defendants engaged "the sole professional services" of plaintiff for such contests and exhibitions. The contract was to continue until February 29, 1936, with the proviso that defendants should have the option to extend it for the further period of five years upon payment of $5,000 before February 29, 1936. The parties agreed that the net proceeds of all such contests and exhibitions should be divided one-half thereof to plaintiff and one-half thereof to defendants, except that from such contests conducted in cities or states where the law requires a party to take less compensation than that provided for in the agreement then "as soon as thereafter permitted by law" it shall be increased by such amount as will adjust the compensation received to that provided for. It was also covenanted that plaintiff would faithfully carry out the terms of the agreement, and not participate "in any boxing contests, athletic contests, exercises or performances", except as directed by the defendants, it being recited by the parties that the services of plaintiff "are exceptional, extraordinary and unique and that this contract shall not be terminated except by the mutual consent of the respective parties . . . in writing or by decree of court . . . " Defendants guaranteed plaintiff that his share of the net proceeds should be "not less than five hundred ($500.00) for each and every year of the contract . . . " Finally, there was a paragraph which provided that if any provision of the contract was found to be unlawful "the performance of such unlawful portion" might be waived by the party to whom performance was due thereunder, and the remaining portions remain in full force and effect.

Differences arose between the parties, and on November 12, 1931, plaintiff gave defendants a notice purporting to cancel and terminate the contract, specifying thirteen different reasons which he claimed justified his refusal to continue with the agreement, including various alleged breaches

of the contract by defendants, and the provision requiring plaintiff to accept fifty per cent of the net proceeds as his share, which he said violated the laws of California.

Subsequently plaintiff began this action seeking to have his rights under the contract and the notice of termination declared. It was submitted on an agreed statement of facts and judgment went for defendants, from which plaintiff prosecutes this appeal.

The substance of the stipulated facts may be summarized as follows: (1) An actual, *bona fide* controversy exists between the parties; (2) that the parties entered into the contract already described; (3) that on November 12, 1931, appellant notified respondents, in writing, that the contract was terminated and canceled; (4) that the sole issues presented by the agreed statement of facts were: whether plaintiff had the legal power to terminate the contract, and whether he had done so by giving the notice; and (5) that the cause should be *res judicata* only as to the two issues mentioned.

Upon this agreed statement the court made findings. The appellant urges as a reason for the reversal of the judgment that the court went beyond the stipulation. We need not concern ourselves with the contention as stated. Any findings made by the court under such circumstances may be disregarded as surplusage. (*Crawford* v. *Imperial Irr. Dist.*, 200 Cal. 318 [253 Pac. 726].) We may, however, rephrase the inquiry and address ourselves to the question of whether the judgment is the proper result of the law applicable thereto.

It is manifest that respondents were not the agents of the appellant. The writing of the contract very clearly indicates that appellant was being employed to participate in contests and exhibitions, rather than that respondents were being employed by him. We cannot say, therefore, that plaintiff was empowered to terminate the contract on the theory that respondents were his agents. On this theory, therefore, the notice was not effective. With respect to the alleged breaches of the contract by respondents, the agreed statement of facts was silent. Hence, it must follow that there was no evidence before the trial court which would justify it in concluding that the charges of failure to comply were in fact true. It follows that

without such proof the court could not declare appellant was justified in refusing to go forward with his bargain. On this theory, therefore, the notice could not be held effective. ■ Finally, with respect to the claim that the law does not permit a professional boxer to receive as little as one-half of the net proceeds, it must be said that we find no such provision in the act authorizing boxing and wrestling contests. (Deering's Gen. Laws, 1931, p. 3273.) If such a regulation of the commission has been promulgated it was not made a part of the agreed statement of facts. Furthermore, the contract was so drawn as to bring it within any such limitation if such in fact exists. Hence the trial court was bound to conclude upon the record that appellant was not entitled to terminate the contract; and that he had not in fact canceled it; and that it remained in full force and effect. This is the substance of the judgment. Hence it should be and it is affirmed.

Seawell, J., Shenk, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.