[Civ. No. 9833. First Appellate District, Division Two.—October 1; 1935.]

THE PEOPLE ex rel. JESSE H. STEPHENSON, Appellant, v. J. EMMET HAYDEN, Respondent.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, and William E. Kidd for Appellant.

Walter H. Duane for Respondent.

NOURSE, P. J.—The defendant was a member of the board of supervisors of the city and county of San Francisco from which position he was retired on January 8, 1934. On February 16, 1934, the mayor of the city and county of San Francisco appointed defendant to fill a vacancy on said board, which position he now holds. Relator made application to

sue in the nature of *quo warranto* in the name of the People to determine defendant's right to hold said office. The trial court sustained a demurrer without leave to amend as to the first count of the complaint and with leave as to the second count. A demurrer to the amended complaint was sustained with leave to amend, but plaintiff declined to amend and judgment went to the defendant. The plaintiff appeals from the judgment.

The original complaint pleaded grounds upon which the pleader claimed that the defendant was unlawfully usurping the office. When the demurrer was sustained to this complaint these were all abandoned and the amended complaint pleaded in general terms that defendant was "usurping, intruding into, and unlawfully holding and exercising the office of Supervisor . . . " The rule seems to be well settled that, in a proceeding of this character prosecuted by the state, it is sufficient to plead in general terms the ultimate fact of usurpation. (*People* v. *Dashaway Assn.*, 84 Cal. 114, 118 [24 Pac. 277, 12 L. R. A. 117] ; *People* v. *Reclamation Dist. No. 136*, 121 Cal. 522, 523 [50 Pac. 1068, 53 Pac. 1085] ; *People* v. *Los Angeles*, 133 Cal. 338, 341 [65 Pac. 749].) The theory upon which the rule rests is that in *quo warranto* the state is not required to prove the usurpation or unlawful holding but the entire proceeding is one in the nature of an order upon the defendant to show that he is lawfully holding and exercising the office. Though the rule of pleading has been often criticized, it has not been rejected by our Supreme Court and it is therefore binding upon us.

The instant case furnishes basis for further criticism of the rule. In the original complaint the specific grounds were alleged upon which the relator claimed that defendant was unlawfully occupying the office. The trial court found these grounds insufficient and sustained a demurrer to the complaint. The relator amended by omitting these grounds and pleading his legal conclusions. If the relator has no further grounds than those heretofore asserted the continuation of the litigation would be frivolous, and an abuse of the process of the remedy which is designed for the protection of the People against the unlawful usurpation of office or franchise. But on this appeal we are limited to the single ques-

tion whether the amended complaint states a cause of action. Under the rule of the cases cited we must answer that question in the affirmative.

The judgment is therefore reversed.

Sturtevant, J., and Spence, J., concurred.