[Civ. No. 14545. First Dist., Div. Two. Oct. 20, 1950.]

THE PEOPLE ex rel. RALPH SMITH, Appellants, v.
CITY OF SAN JOSE et al., Respondents.

Martin S. Walsh and George H. Barnett for Appellants.

Robert E. Cassin, City Attorney, and Eugene L. Rendler,
Assistant City Attorney, for Respondents.

NOURSE, P. J.—In these proceedings in quo warranto to test the validity of the annexation of inhabited territory to the city of San Jose the defendants had judgment. The cause was tried on an agreed statement of facts and without any additional evidence. Findings of fact were made. They add nothing to the judgment as will appear hereafter. Accordingly the appeal presents questions of law alone and we may confine our discussion to two of these as they control the judgment.

The proceedings are taken under the Annexation Act of 1913 (2 Deering's Gen. Laws, Act 5159, Stats. 1913, p. 587) prior to its repeal in 1949. Section 6 of that act as amended, Statutes 1915, page 307, reads as follows: "... Whenever, upon proceedings had and taken and at elections called and held in accordance with the provisions of this act, *the electors of each of two or more such bodies of outside territory* have voted in favor of the annexation thereof to the same municipal corporation, the legislative body of such municipal corporation must submit to the electors thereof, as separate propositions, each to be voted upon separately and without regard to the others, the question whether each [of] such bodies of new territory shall be annexed to, incorporated in and made a part of such municipal corporation." (Emphasis ours.)

The complaint alleged that the two parcels were two separate and entirely severable properties and did not adjoin each other in any particular.

(1) The trial court found that both parcels were contiguous to the boundaries of the city of San Jose but there was no agreement and no finding that they were contiguous to each other. But even if that finding could be effective here it must be disregarded because there was no evidence disclosing that the two parcels were contiguous to each other. On the other hand it is frankly conceded that they were not.

 It is this finding which forms the basis for respondents' main argument that the judgment must be affirmed. But if we were to accept respondents' interpretation of the finding it is not supported in that respect by the agreed statement of facts and, since no additional evidence was taken, the finding will be disregarded on appeal. (*Crawford* v. *Imperial Irrigation Dist.*, 200 Cal. 318, 335 [253 P. 726]; *Baer* v. *Lorimer*, 219 Cal. 677, 679 [28 P.2d 909]; *Los Angeles Athletic Club* v. *Board of Harbor Commissioners*, 130 Cal. App. 376, 394 [20 P.2d 130]. See, also, *Larkin* v. *Bank of*

*America,* 93 Cal.App.2d 594, 603 [209 P.2d 801]; *Taylor* v. *George,* 34 Cal.2d 552, 556 [212 P.2d 505].)

(2) In quo warranto proceedings of this nature wherein the complaint alleges the invalidity of the annexation proceedings the burden is upon the defendants to prove that such proceedings were valid. The precise question was decided by this court in *People* v. *Town of Corte Madera,* 97 Cal. App.2d 726, 727 [218 P.2d 810], where we said: "This court had occasion in *People ex rel. Stephenson* v. *Hayden,* 9 Cal.App.2d 312 [48 P.2d 314] to consider the question of pleading in quo warranto cases. We held there that a complaint which pleaded in general terms that defendant was 'usurping, intruding into, and unlawfully holding and exercising the office of Supervisor . . .' was sufficient.

" 'It was a peculiarity of both the common-law writ of quo warranto and information in the nature of quo warranto that the ordinary rules of pleading were reversed and the state was bound to show nothing' (22 Cal.Jur. p. 220)." See, also, 44 Am.Jur. p. 167. The application of the rule to this case is clear. The complaint alleged: "That the said two precincts are two separate, distinct and entirely severable properties and do not adjoin each other in any particular whatsoever; and the said precincts are separated by land that is not a road, stream, railroad, or other natural or artificial barrier or right-of-way; that at only one point are the two precincts less than 100 feet apart; that all other points, which comprise 99% of said territory, in the two precincts are separated by an area greater than 100 feet, and in a large portion of the area the two precincts are separated by territory equal to three (3) city blocks of uninhabited area which was annexed to the City of San Jose in 1947." The answer denied this in general terms, but no proof was offered in support of the denial. The stipulation of facts stated that the two parcels were contiguous to the city of San Jose. The trial court found: "The territory annexed to the City of San Jose is and at all times herein mentioned was contiguous thereto." We may assume that both the stipulation of facts and the findings conceded that the parcels were not contiguous to each other, particularly as the complaint contained a metes and bounds description of the entire tract of land and of the territory separating them which was excepted from the proceedings. These allegations were not denied in the answer. They show conclusively that the two parcels were not contiguous to each other.

We have this simple case. Two parcels of land, both contiguous to the boundaries of the city but both noncontiguous to each other, were both sought to be annexed in a single election presented to the electors as one proposition. A clear example of the wisdom of the statute is found in the result. The two separate parcels were designated as precinct No. 1 and precinct No. 2 respectively. The vote in precinct No. 1 (for annexation of both parcels) was 80 for annexation to 40 against; the vote in precinct No. 2 (on the same proposition) was 48 for annexation and 74 against. It is conceivable that the electors in precinct No. 2 might have favored the annexation of that parcel but objected to the annexation of the other parcel. It is also conceivable that the electors in precinct No. 1 favored the proposition only because it included parcel 2. But aside from any speculation as to the intentions of the electors, we hold that the election was improperly held and that the electors of each parcel were entitled to vote on the proposition of the annexation of that parcel separately.

The judgment is reversed with direction to enter judgment for the plaintiffs.

Goodell, J., concurred.